# HOUCK *v.* LITTLE RIVER DRAINAGE DISTRICT.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 35.   Argued October 27, 28, 1915.—Decided November 29, 1915.

So far as the Federal Constitution is concerned, a State may defray the entire expense of creating, developing and improving a political subdivision from state funds raised by general taxation—or it may apportion the burden among the municipalities in which the improvements are made—or it may create tax districts to meet authorized outlays.

The State may, so far as the Federal Constitution is concerned, create

tax districts for special improvements directly by the legislature, or may delegate their institution through court proceedings, and the propriety of such delegation is a matter for the State alone, not reviewable by this court.

A State may by statute directly, or by appropriate legal proceeding, fix the basis of taxation or assessment for a proper governmental outlay, and, unless palpably arbitrary, such action does not violate the due process provision of the Fourteenth Amendment.

The power of taxation is not to be confused with that of eminent domain; it is not necessary to show special benefits in order to lay a tax which is an enforced contribution for the payment of public expenses.

A State may, in its discretion, lay assessments for public work in proportion either to position, frontage, area, market value or estimated benefits; and; unless the exaction is a flagrant abuse of power, it does not amount to deprivation of property without due process of law.

An initial fixed tax per acre laid by a statute of Missouri on a tax-district properly organized under the state law for preliminary expenses of starting a public work, such as drainage of the district, does not deprive the owners of property therein of their property without due process of law, there being manifestly in this case nothing arbitrary in the prescribed rate and it not being necessary to base such a tax upon special benefits.

The statute of Missouri authorizing the imposition of the tax being in force prior to the formation of the taxing district, the tax cannot be considered as retrospective and violative of the due process clause of the Fourteenth Amendment on that ground.

The state court having held that a charter of a taxing district as a public corporation did not constitute a contract that the laws it was created to administer would not be changed, this court sees no reason to disturb the decision.

248 Missouri, 373, affirmed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of the Drainage District Act of Missouri, and of a tax levied thereunder, are stated in the opinion.

*Mr. Benson C. Hardesty* and *Mr. Giboney Houck*, with whom *Mr. Thomas D. Hines* was on the brief, for plaintiff in error:

The state court erred in adjudging that § 5538, Rev. Stat. Missouri, 1909, does not contemplate taking private property for public use without the compensation required by "due process of law" provided for by the Fourteenth Amendment.

What may be done under this section construed in connection with all the Missouri drainage laws is the constitutional test to be applied, and plaintiffs in error are neither estopped nor barred from challenging this law. *Stuart* v. *Palmer*, 74 N. Y. 183, 191; *Agens* v. *Mayor*, 37 N. J. L. 416, 420; *Norwood* v. *Baker*, 172 U. S. 269; *No. Pac. Ry.* v. *Pierce*, 23 L. R. A. (N. S.) 286; *Little River District* v. *St. L., M. & S. E. R. R.*, 236 Missouri, 94; Rev. Stat. Missouri, 1909, §§ 5496–5499, 5511–5519, 5538; *Charles* v. *Marion*, 98 Fed. Rep. 166; *Moss* v. *Whitzel*, 108 Fed. Rep. 579, 582; *Chicago &c. R. R.* v. *Chicago*, 166 U. S. 226; *Davidson* v. *New Orleans*, 96 U. S. 97, 104; Cooley, Const. Lim. *356; 2 Story, Const., § 1956 (Cooley's ed.); *Squaw Creek District 1* v. *Turney*, 235 Missouri, 80; *Violett* v. *Alexandria*, 92 Virginia, 561; *Ohlmann* v. *Clarkson Mill Co.*, 222 Missouri, 62; *Gist* v. *Rackliffe-Gibson Co.*, 225 Missouri, 116; *Ross* v. *Supervisors*, 128 Iowa, 436.

The avowed purpose and only possible legal purpose of § 5538 is a public one and involves the taking of private property for public use. *Morrison* v. *Morey*, 146 Missouri, 561–563, 584; *Mound City Land Co.* v. *Miller*, 170 Missouri, 249; *Chicago, B. & Q. R. R.* v. *Illinois*, 200 U. S. 561; *Egyptian Levee Co.* v. *Hardin*, 27 Missouri, 496; *St. Louis* v. *Oeters*, 36 Missouri, 456; *Kansas City* v. *Ridenour*, 84 Missouri, 258; *St. Joseph* v. *Anthony*, 30 Missouri, 537; *St. Louis* v. *Rankin*, 96 Missouri, 497; *Independence* v. *Gates*, 110 Missouri, 374; *Kansas City* v. *Ward*, 134 Missouri, 172.

"Due process of law" requires compensation for private property taken for public use. *Long Island Water Co.* v. *Brooklyn*, 166 U. S. 695; *Corrigan* v. *Gage*, 68 Missouri,

541; *Albright* v. *Fisher*, 164 Missouri, 68; *St. Louis* v. *Theatre Co.*, 202 Missouri, 699; *Chicago &c. R. R.* v. *Chicago*, 166 U. S. 226, 241; *Norwood* v. *Baker*, 172 U. S. 269; *Chicago, B. & Q. R. R.* v. *Illinois*, 200 U. S. 561.

If the drainage plan should fail, there can then be no compensation of the character contemplated by due process of law. Cases *supra* and *Killy* v. *Cranor*, 51 Missouri, 542; 14 Cyc. 1059; *Lipes* v. *Hand*, 104 Indiana, 503; *Kansas City* v. *O'Connor*, 82 Mo. App. 655; *Chicago* v. *Blair*, 149 Illinois, 310; *Insurance Co.* v. *Prest*, 71 Fed. Rep. 817; *Pettit* v. *Duke*, 10 Utah, 311; *Owensboro* v. *Sweeny* (Ky.), 111 S. W. Rep. 364; *Stevens* v. *Port Huron*, 149 Michigan, 536; *Kalamazoo* v. *Crawford* (Mich.), 117 N. W. Rep. 572; *Washington Ice Co.* v. *Chicago*, 147 Illinois, 327; *Kansas City* v. *St. Louis & S. F. R. R.*, 230 Missouri, 369; *Hutt* v. *Chicago*, 132 Illinois, 352; *Waukegan* v. *Burnett*, 234 Illinois, 460; *Chicago* v. *Kemp*, 240 Illinois, 56; *Lindblad* v. *Normal*, 224 Illinois, 362; *Holdom* v. *Chicago*, 169 Illinois, 109; *State* v. *Elizabeth*, 40 N. J. L. 274; *Guaranty Co.* v. *Chicago*, 162 Illinois, 505; *Re Park Ave. Sewers*, 169 Pa. St. 433; *Edwards* v. *Chicago*, 140 Illinois, 440; *Bridgeport* v. *N. Y. & N. H. R. R.*, 36 Connecticut, 255; *Wistar* v. *Philadelphia*, 80 Pa. St. 505; *Re Market St.*, 49 California, 546; *Hanscom* v. *Omaha*, 11 Nebraska, 37; *Chamberlain* v. *Cleveland*, 34 Oh. St. 551; *Hartford* v. *West*, 45 Connecticut, 462; Cooley on Taxation, 416, c. 20, par. 1; *Id.* 2d ed. 606, par. 1; *Hammett* v. *Philadelphia*, 65 Pa. St. 146; *Agens* v. *Mayor*, 37 N. J. L. 416; *Davidson* v. *New Orleans*, 96 U. S. 97; *Loan Ass'n* v. *Topeka*, 20 Wall. 655; *McCormack* v. *Patchin*, 53 Missouri, 36; 2 Dillon, Mun. Corp., 4th ed., p. 934, par. 761; *Mobile* v. *Kimball*, 102 U. S. 691, 703; *Bauman* v. *Ross*, 167 U. S. 548, 589; *Spencer* v. *Merchant*, 125 U. S. 345; *Barber Asphalt Co.* v. *French*, 158 Missouri, 534, 561; *S. C.*, 181 U. S. 324; *Parson* v. *Columbia*, 170 U. S. 54;

*Heman* v. *Schulte*, 166 Missouri, 409; *Corrigan* v. *Gage*, 68 Missouri, 541.

The state court erred in adjudging that the enforcement of § 5538 will not take plaintiffs' property for public use without compensation—that is to say, without "due process of law."

Even if the drainage plan should succeed, still no compensation can result so far as concerns the large area of plaintiffs' lands necessarily condemned for public use, and which same area is assessed with this tax. *Squaw Creek Drainage District* v. *Turney*, 235 Missouri, 80; *Hanscom* v. *Omaha*, 11 Nebraska, 37; *Chamberlain* v. *Cleveland*, 34 Oh. St. 551; *Hartford* v. *West M. D.*, 45 Connecticut, 462; *Re Park Ave. Sewers*, 169 Pa. St. 433; *Heman* v. *Schulte*, 166 Missouri, 409.

The Missouri Supreme Court erred in adjudging that said § 5538 is not retrospective so as to violate "due process of law." *State ex rel. v. Haben*, 22 Wisconsin, 660; *Terrett* v. *Taylor*, 9 Cranch, 50; *Pawlett* v. *Clark*, 9 Cranch, 332; *Charles River Bridge Case*, 11 Pet. 603; *Walla Walla* v. *Water Co.*, 172 U. S. 9; *Bailey* v. *Railroad Co.*, 4 Harr. (Del.) 389; 44 Am. Dec. 593; *Edwards* v. *Kearzy*, 96 U. S. 595; *Muhlker* v. *N. Y. & H. R. R.*, 197 U. S. 544; *St. Louis* v. *Clemens*, 52 Missouri, 144; *Haeussler* v. *Greer*, 78 Missouri, 188; *Fisher* v. *Patton*, 134 Missouri, 53; *In re Pell*, 171 N. Y. 48; *Pittman* v. *Adams*, 44 Missouri, 570; *Dartmouth College Case*, 4 Wheat. 518; *Leete* v. *State Bank*, 115 Missouri, 200; *Westervelt* v. *Gregg*, 12 N. Y. 202; *Norris* v. *Bayea*, 13 N. Y. 273; *Holmes* v. *Holmes*, 4 Barb. 395; *Ryder* v. *Hulse*, 24 N. Y. 372; *Sperry* v. *Haslam*, 57 Georgia, 412; *Dunn* v. *Sargent*, 101 Massachusetts, 336; *Fletcher* v. *Peck*, 6 Cranch, 87; *Davis* v. *Gray*, 16 Wall. 203; *Fisk* v. *Police &c.*, 116 U. S. 131; *State* v. *Police &c.*, 111 U. S. 716; *Hall* v. *Wisconsin*, 103 U. S. 5; *Gordon* v. *App. Tax Court*, 3 How. 343.

The state court erred in adjudging that § 5538 does not violate § 10, of Article 1 of the Federal Constitution pro-

hibiting a State from passing any law impairing the obligation of contracts. See cases *supra,* and *Mulholland* v. *Smith;* 141 Missouri, 1; *Kaukauma Co.* v. *Green Bay Co.,* 142 U. S. 254; *Wilson* v: *Black Bird Co.,* 2 Pet. 245; *Armstrong* v. *Athens County,* 16 Pet. 281; *Chicago Life Ins. Co.* v. *Needles,* 113 U. S. 574; *Eureka Lake Co.* v. *Yuba County,* 116 U. S. 410; *McGrew* v. *Mo. Pac. Ry.,* 230 Missouri, 496; *Ex parte Siebold,* 100 U. S. 371.

*Mr. Robert B. Oliver* and *Mr. Robert B. Oliver, Jr.,* with whom *Mr. Allen Laws Oliver* was on the brief for defendant in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

The plaintiffs in error, owners of several thousand acres embraced within the Little River Drainage District, of Missouri, brought this suit to restrain the collection of. a tax of twenty-five cents per acre levied generally upon the lands within the district for the purpose of paying its preliminary expenses. The district was organized in 1907 under the provisions of article 3, chapter 122, Revised Statutes of Missouri, 1899, as amended by the act of April 8, 1905. Its board of supervisors appointed engineers who made surveys and recommended a plan of drainage. Upon the adoption of this plan, in November, 1909, commissioners were appointed for the purpose of viewing the tracts within the district and assessing benefits and damages. Pending the proceedings of these commissioners, the tax in question was levied under the act of June 1, 1909, now § 5538 of the Revised Statutes of Missouri, 1909, which provides as follows:

"Sec. 5538. Levy of twenty-five cents per acre may be made for preliminary work.—As soon as any drainage district shall have been organized under order of the circuit court, and a board of supervisors are elected and qualified, such board of supervisors shall have the power

and authority to levy upon each acre of land in the district, not to exceed twenty-five cents per acre, as a level rate, to be used for purpose of paying expenses of organization, for topographical and other surveys, for plans of drainage, for expenses of assessing benefits and damages and other incidental expenses which may be necessary, before entering upon the main work of drainage. Any district which may have proceeded without such levy may, if in the opinion of its board of supervisors it be desirable to do so, make such level assessments for such purpose, and if such items of expense have already been paid in whole or in part from other sources, the surplus shall be paid into the general fund of the district, and such levy may be made although the work proposed may have failed or have been found impractical."

The amended petition averred in substance that as to the plaintiffs all the proceedings had been *in invitum;* that the lands in the district varied in value; that no benefits had accrued or would accrue to the plaintiffs' lands either from the expenditure of the moneys sought to be raised by the tax or from the carrying out of the proposed plan; that a large portion of the lands in the district, and those of the plaintiffs in large part, were to be condemned for a right of way for ditches and catch basins; and that the tax had been levied against every acre within the district, as a level tax, without regard either to relative value or to benefits, or to the fact that portions of the lands would be damaged and other portions would be taken by condemnation, or that a large extent of territory, if added to the district as had been proposed, would receive the benefit of the tax without being charged with any part. The levy of the tax, and the act authorizing it, were assailed as being contrary to the constitution of the State of Missouri and also to the provision of the Fourteenth Amendment prohibiting deprivation of property without due process of law.

Upon demurrer to the petition, the parties stipulated that the sole question to be determined was whether § 5538 (*supra*) was constitutional. The trial court held it to be valid and dismissed the petition. After affirmance in the Supreme Court of Missouri, Division One, the cause was transferred (in view of the Federal question) to the court *in banc* where the judgment was finally affirmed, the opinion of Division One being adopted. 248 Missouri, 373.

In considering the contention thus presented under the Fourteenth Amendment, it must be taken to be established that the district had been organized validly for a public purpose. It had been incorporated pursuant to the judgment of the Circuit Court, as in the act provided, and this judgment had been affirmed upon appeal. *Little River Drainage District v. Railroad*, 236 Missouri, 94. In the opinion of the court in that proceeding, the tracts were described as forming "a contiguous body of land from one to eleven miles in width, extending in a southerly direction for a distance of about ninety miles from Cape Girardeau on the north, to the boundary line between Missouri and Arkansas. Streams and watercourses heading in the higher adjacent territory carry their waters to these low lands where, because of insufficient channels, the waters overflow and render much of the land uncultivable and uninhabitable." *Id.*, p. 103. The district is, indeed, a conspicuous illustration of the class of enterprises which have been authorized in order to secure the recognized public advantages which will accrue from reclaiming and opening to cultivation large areas of swamp or overflowed lands. *Egyptian Levee Co. v. Hardin*, 27 Missouri, 495; *Columbia Co. v. Meier*, 39 Missouri, 53; *Morrison v. Morey*, 146 Missouri, 543; *State v. Drainage District*, 192 Missouri, 517; *Mound City Land & Stock Co. v. Miller*, 170 Missouri, 240; *State v. Taylor*, 224 Missouri, 393; *Squaw Creek Drainage District v. Turney*, 235 Missouri, 80; *Little River Drainage District v. Railroad, supra*. It

was constituted a political sub-division of the State for the purpose of performing prescribed functions of government. *Mound City Land & Stock Co.* v. *Miller, supra; State* v. *Taylor, supra.* These drainage districts, as the Supreme Court of the State has said, exercise the granted powers within their territorial jurisdiction "as fully, and by the same authority, as the municipal corporations of the State exercise the powers vested by their charters." 248 Missouri, p. 383.

In view of the nature of this enterprise it is obvious that, so far as the Federal Constitution is concerned, the State might have defrayed the entire expense out of state funds raised by general taxation or it could have apportioned the burden among the counties in which the lands were situated and the improvements were to be made. *County of Mobile* v. *Kimball,* 102 U. S. 691, 703, 704. It was equally within the power of the State to create tax districts to meet the authorized outlays. The legislature, unless restricted by the state constitution, can create such districts directly, or, as in this case, it may provide for their institution through a proceeding in the courts in which the parties interested are cited to appear and present their objections, if any. The propriety of a delegation of this sort was a question for the State alone. And with respect to districts thus formed, whether by the legislature directly or in an appropriate proceeding under its authority, the legislature may itself fix the basis of taxation or assessment, that is, it may define the apportionment of the burden, and its action cannot be assailed under the Fourteenth Amendment unless it is palpably arbitrary and a plain abuse. These principles have been established by repeated decisions. *Hagar* v. *Reclamation District,* 111 U. S. 701, 709; *Spencer* v. *Merchant,* 125 U. S. 345, 353, 356; *Fallbrook Irrigation District* v. *Bradley,* 164 U. S. 112, 167, 168; *Bauman* v. *Ross,* 167 U. S. 548, 590; *Parsons* v. *District of Columbia,* 170 U. S. 45, 52; *Williams*

v. *Eggleston*, 170 U. S. 304, 311; *Norwood* v. *Baker*, 172 U. S. 269, 278; *French* v. *Barber Asphalt Paving Co.*, 181 U. S. 324, 343; *Wight* v. *Davidson*, 170 U. S. 371, 379; *Wagner* v. *Baltimore*, decided this day, *ante*, p. 207.

The legislature, in this instance, fixed the object and character of the tax, and prescribed the maximum rate. The authority to levy the tax for preliminary expenses was to follow upon the organization of the district. The plaintiffs in error urge that the determination at the time the district was organized was merely preliminary and tentative with respect to the lands to be included, and that assessments according to ascertained benefits for the purpose of meeting the cost of works and improvements are reserved for subsequent proceedings, upon notice, after surveys have been made and the plan of drainage has been definitely adopted. See Rev. Stat. (Mo.), §§ 5511 to 5519. It is true that the elaborate inquiry which is to follow the organization of the district may show the advisability of bringing in other lands (*Squaw Creek Drainage District* v. *Turney, supra*), and the statute undoubtedly does postpone the assessment of the cost of works and improvements until the plan of drainage has been decided upon and benefits have been determined accordingly. But none the less the organization of the district takes effect when it is duly constituted by the judgment of the court. The owners whose lands are embraced in the district as proposed, and who have not signed the articles, are summoned and their objections to the organization and to the inclusion of their lands are heard. As a public corporation, with defined membership, the district when established is empowered to go forward with the expert investigations and surveys which of necessity must precede the adoption of a complete scheme. The outcome of these studies cannot be absolutely predicted; they may even result in the abandonment of the project. But probable feasibility has been shown, and the district, in con-

sequence, organized. The preliminary work must then be done and its cost must be met. It is work undertaken by the district. The owners of the included lands (with one vote for each acre) elect the district officers (supervisors) who are to proceed with the surveys, etc., in the manner detailed. In the present case, the district was created upon an adequate showing of basis (236 Missouri, p. 138) and it is not disputed that the plaintiffs in error received the notice to which they were entitled (Rev. Stat. (Mo.), 1909, § 5497; Laws of Missouri, 1905, § 8252). They were thus apprised of whatever legal consequences attached to the formation of the district with their lands in it. The present question therefore cannot properly be regarded as one of notice. The imposed burden, if it be in its nature a lawful one, is an incident to the organization which they had abundant opportunity to contest. It is apparent that when the district was duly organized it had the same footing as if it had been created by the legislature directly; and if the legislature could have established this district by direct act and then constitutionally imposed upon the lands within the district the ratable tax in question to pay the expenses of organization and for preliminary work, it cannot be doubted that the legislature had power to impose the same tax upon the district as organized under the judgment of the court.

The ultimate contention, then, is that the plaintiffs in error cannot be subjected to this preliminary tax of twenty-five cents an acre because their lands, as they insist, will not be benefited by the plan of drainage. In authorizing the tax, it is said, the legislature has departed from the principle of benefits, and the tax is asserted to be *pro tanto* an uncompensated taking of their property for public use. But the power of taxation should not be confused with the power of eminent domain. Each is governed by its own principles. *County of Mobile* v. *Kimball, supra; Bauman* v. *Ross, supra; Wight* v. *Davidson,*

*supra; People* v. *Brooklyn*, 4 N. Y. 419, 424; Cooley on Taxation, p. 430; Lewis on Eminent Domain, 3d ed., §§ 4, 5. A tax is an enforced contribution for the payment of public expenses. It is laid by some rule of apportionment according to which the persons or property taxed share the public burden, and whether taxation operates upon all within the State, or upon those of a given class or locality, its essential nature is the same. The power of segregation for taxing purposes has every-day illustration in the experiences of local communities, the members of which, by reason of their membership, or the owners of property within the bounds of the political subdivision, are compelled to bear the burdens both of the successes and of the failures of local administration. When local improvements may be deemed to result in special benefits, a further classification may be made and special assessments imposed accordingly, but even in such case there is no requirement of the Federal Constitution that for every payment there must be an equal benefit. The State in its discretion may lay such assessments in proportion to position, frontage, area, market value, or to benefits estimated by commissioners. *Davidson* v. *New Orleans*, 96 U. S. 97, 106; *Walston* v. *Nevin*, 128 U. S. 578, 582; *Spencer* v. *Merchant, supra; Bauman* v. *Ross, supra; French* v. *Barber Asphalt Paving Co., supra; Wight* v. *Davidson, supra.* And, as we have said, unless the exaction is a flagrant abuse, and by reason of its arbitrary character is mere confiscation of particular property, it cannot be maintained that the State has exceeded its taxing power. *Wagner* v. *Baltimore, ante,* p. 207. We find no such arbitrary action here. It was not necessary to base the preliminary tax upon special benefits accruing from a completed plan. It cannot be denied that the preliminary work had peculiar relation to the district. The initial inquiry, whatever its result, was for the purpose of securing the reclamation of the lands of which the district was

comprised. In this inquiry, all the owners were interested. Whether the expense of ascertaining the best method of reclamation should subsequently be reimbursed when final assessments were laid according to benefits ascertained to result from the execution of the final plan presents a question of policy and not of power. These outlays for organization and preliminary surveys could as well be considered specially to concern the district, as constituted, as highways or public buildings or plans for the same (whether consummated or abandoned) could be said to concern counties or towns. Further, it would seem to be clear that the State could appropriately provide for meeting the preliminary expense when it was incurred and could determine the manner of apportionment according to the interests deemed to be affected as they existed at the time. And in this view, it is not material to consider whether the area of the district might subsequently be extended, or what particular lands within it would be appropriated for ditches, reservoirs, etc., if a plan of drainage were adopted and carried out. To say that the tax could not be laid except as a result of such an inquiry would be to assert in effect that as a preliminary tax it could not be laid at all. We know of no such limitation upon the state power. And assuming that the lands within the district, as organized, could be taxed for the purpose stated, there was manifestly nothing arbitrary in the fixing of the prescribed rate per acre.

It is further objected that the levy of the tax amounts to a deprivation of property without due process of law because of the retrospective character of the legislation,— the section in question having been passed after the district was organized. As to this, it is sufficient to say that the statute which was in force at the time of the formation of the district contemplated liability to taxation to defray the preliminary expenses as well as the ultimate cost of the improvements if made (Laws of Missouri, 1905,

§ 8252); and these preliminary outlays must be regarded as incident to the organization for which the legislature was competent to provide in the exercise of its taxing power. *Seattle* v. *Kelleher*, 195 U. S. 351, 359; *Wagner* v. *Baltimore*, *ante*, p. 207.

The plaintiffs in error have also urged that § 5538 is invalid under § 10, Art. I, of the Federal Constitution upon the ground that it impairs the obligation of contract. This contention was not presented by the amended petition and was not deemed by the Supreme Court of the State, Division One, to be within the stipulation upon which the case was tried. 248 Missouri, 382, 394. Upon the motion to transfer the case to the court *in banc*, the question under the contract clause was raised, but the court *in banc* simply adopted the opinion of Division One. *Id.* In that opinion, however, after referring to the stipulation, the court proceeded to observe that the charter of the district, as a public corporation, did not constitute a contract with its members that the laws it was created to administer would not be changed. If this can be considered to be a decision of the question, we see no reason to disturb it. *Laramie County* v. *Albany County*, 92 U. S. 307, 310; *New Orleans* v. *New Orleans Water Works Co.*, 142 U. S. 79, 89; *Worcester* v. *Street Railway Co.*, 196 U. S. 539, 551; *Seattle* v. *Kelleher*, *supra*.

*Judgment affirmed.*