## MISSOURI PACIFIC RAILROAD COMPANY ET AL. *v.* WESTERN CRAWFORD ROAD IMPROVEMENT DISTRICT.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 67. Submitted October 10, 1924.—Decided November 17, 1924.

1. Where a special road improvement is abandoned after preliminary publication and inquiry because the cost would probably exceed the benefits to the lands included in the improvement district, the State may defray the expenses of the inquiry by assessing the lands according to their values as assessed for purposes of county and state taxation. P. 188.
2. The fact that an assessment so made exceeded the amount of the anticipated benefit to the same property, as officially estimated in the preliminary proceedings, did not render the assessment obnoxious to the Fourteenth Amendment, there being no suggestion of flagrant abuse or purely arbitrary exercise of the taxing power. P. 190.

157 Ark. 304, affirmed.

ERROR to a judgment of the Supreme Court of Arkansas sustaining a decree for a tax levy as originally entered by the Chancery Court of Crawford County, reversing a subsequent decree of that court by which the levy was changed.

*Mr. Harry P. Warner, Mr. Thomas B. Pryor, Mr. W. F. Evans* and *Mr. Edward J. White* for plaintiffs in error.

*Mr. E. L. Matlock* for defendant in error.

Mr. JUSTICE BRANDEIS delivered the opinion of the Court.

In 1920 Arkansas created the Western Crawford Road Improvement District by a special act. Pursuant to its provisions the commissioners named therein took the

proceedings incident to organizing the district. They determined what work would be required, estimated the cost thereof, and had the preliminary assessment made of the benefits and burdens. In so doing the commissioners necessarily incurred expenses for publication of notices, for the services of engineers, lawyers and assessors, and for other matters. After the required data had been obtained, it was concluded that the cost of the proposed improvement would probably exceed the benfits; and the project was duly abandoned. The aggregate preliminary expense was $20,611.80. The special act had provided:

" Section 25. In case, for any reason, the improvement contemplated by this district is not made, the preliminary expense shall be a first lien upon all of the lands in the district, and shall be paid by a levy of a tax thereon upon the assessed value for county and State taxation, which levy shall be made by the chancery court of Crawford County and shall be collected by a receiver to be appointed by said court."

For the purpose of paying the preliminary expense the commissioners applied to the appropriate court for a tax levy. A decree was entered for a levy of 1.65 per cent. on the assessed value of the land in the district subject to taxation. Thereupon, the Missouri Pacific Railroad Company [1] brought, in the same court, this suit to restrain enforcement of the decree. The aggregate assessed value of property within the district was $1,453,938. The assessed value of the Missouri Pacific property was $145,250. The tax assessed against its property to defray the preliminary expense was $2,396.62. The board of as-

---

[1] The St. Louis-San Francisco Railway Company joined as co-plaintiff. Its situation, being in all respects like that of the Missouri Pacific, does not require discussion.

sessors appointed under the special act estimated the amount of the anticipated benefit at $1,960. The sole objection of the railroad was that the tax to defray the preliminary expense was distributed in proportion to the assessed value of the property, instead of in proportion to the amount of the benefit thereto which it was estimated would accrue if the improvement was made. It argued that the smaller sum would, under both the State and the Federal Constitution, have been the limit of its assessment for the improvement if carried out; that it could not be taxed more for the preliminary expense of a projected improvement which had been abandoned; and that, therefore, § 25 violated the due process clause of the Fourteenth Amendment. The Supreme Court of Arkansas sustained the decree for a levy as originally entered. 157 Ark. 304. That judgment is here on writ of error.

The state court held that the provision in § 25 for payment of preliminary expenses necessarily implied a legislative determination that the cost of the preliminary expenses would not exceed the anticipated benefits of the construction of the improvement; that this legislative determination is conclusive unless shown to be arbitrary and unreasonable; that nothing was shown to overcome the legislative determination except the unapproved assessment lists filed by the board of assessors; that the assessment was incomplete because it was never approved by the board of commissioners; and that, since the abandonment of the project relieved them from the duty of considering its correctness, the court cannot know what the assessment against the railroad would have been, had the assessment of benefits been proceeded with. The lower court held, therefore, that the tax laid was not obnoxious either to the state constitution or to that of the United States.

So far as concerns the Federal Constitution, the validity of the tax may be rested, also, on other grounds. A State may defray the cost of constructing a highway, in whole or in part, by means of a special assessment upon property specially benefited thereby. But it is not obliged to do so. Road building is a public purpose which may be effected by general taxation. The cost may be defrayed out of state funds; or a tax district may be created to meet the authorized outlay. The preliminary enquiry whether it is desirable to construct the road, is one in which all landowners within the district are interested. The Fourteenth Amendment does not require that taxes laid for this purpose shall be according to the benefits to be received by the person or thing taxed. Compare *Kelly* v. *Pittsburgh*, 104 U. S. 78. The cost of making the investigation may be met by a fixed charge per acre, as in *Houck* v. *Little River Drainage District*, 239 U. S. 254, and *Miller & Lux* v. *Sacramento & San Joaquin Drainage District*, 256 U. S. 129, or by distributing the cost over all the land in the district in proportion to its value as assessed for county and state taxation, or otherwise. The fact that the money to be raised by this tax will be applied toward defraying the expenses of an abandoned road project, and not to the cost of a road wholly or partly completed, is obviously immaterial. *Houck* v. *Little River Drainage District, supra*, p. 265.

There is here no suggestion of that flagrant abuse or purely arbitrary exercise of the taxing power against which the Federal Constitution affords protection. *Valley Farms Co.* v. *Westchester*, 261 U. S. 155, 163; *Thomas* v. *Kansas City Southern Ry. Co.*, 261 U. S. 481, 483.

*Affirmed.*