**BARTLETT TRUST CO. v. ELLIOTT, County Treasurer, et al.**

District Court, E. D. Missouri, N. D.
February 12, 1929.

No. 355.

Culver, Phillip & Voorhees, of St. Joseph, Mo., for plaintiff.

S. J. & G. C. Jones, of Carrollton, Mo., for defendants.

DAVIS, District Judge. I. The plaintiff seeks in this action to have the court decree that certain taxes levied for the year 1928 on its lands in Chariton county, Missouri, are null and void, and to have the officers of the Garden of Eden drainage district enjoined from hereafter assessing or levying any taxes upon lands of plaintiff, for the reason that chapter 28 of the Revised Statutes of Missouri of 1919, providing for the organization of drainage districts by the circuit court, is unconstitutional and invalid, because it results in depriving plaintiff of his property without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

II. No preliminary injunction was sought in this case. It was submitted on the pleadings and an agreed statement of facts for final determination on the merits by the court. Under these circumstances, it was not necessary for the case to be heard by a court of three judges, as provided by section 266 of the Judicial Code, as amended February 13, 1925 (28 USCA § 380). Smith et al. v. Wilson et al., 273 U. S. 388, 47 S. Ct. 385, 71 L. Ed. 699.

III. The Fifth Amendment constitutes a restriction on the federal government only, and not on the states. Hunter v. Pittsburgh, 207 U. S. 161, 28 S. Ct. 40, 52 L. Ed. 151. As it is the action of a state with which we are here concerned, the Fifth Amendment need not be considered. It will suffice to note that the term "due process" means the same thing in the two amendments, but in one case the restraint is on the federal government, and in the other the limitation is on the states. Hurtado v. California, 110 U. S. 516, 4 S. Ct. 292, 28 L. Ed. 232.

IV. No useful purpose will be served by setting out the whole, or any part, of the Missouri Drainage Act here in question. It should, however, be observed that the purport of the statute is not to be had from any one, or more, of the sections, but from a consideration of the entire act.

The legislative act complained of is one enacted by the state in the exercise of its police power. The stated object of the act is "for the purpose of having such lands and other property reclaimed and protected from the effects of water, for sanitary or agricultural purposes, or when the same may be conducive to the public health, convenience or welfare, or of public utility or benefit." Rev. St. Mo. 1919, § 4378. By its own terms (section 4438, R. S. Mo. 1919), as well as by the general policy of the law, it is entitled from its very nature to a liberal construction at the hands of the courts. In re Mingo Drainage District (Dean v. Wilson et al.) 267 Mo. 268, 183 S. W. 611; State ex rel. Marshall v. Bugg, 224 Mo. loc. cit. 554, 123 S. W. 827; State ex rel. McWilliams v. Bates, 235 Mo. loc. cit. 293, 138 S. W. 482; Powell v. Pennsylvania, 127 U. S. 678, 8 S. Ct. 992, 1257, 32 L. Ed. 253.

V. The case was submitted upon an agreed statement of facts. This statement shows that the drainage district was organized in accordance with the statute, and that the officers of the district and the county have observed and been governed by the statute in assessing and levying the tax of which complaint is now made. So that there is no issue as to any irregularity, either in the organization of the drainage district or in the manner of levying the taxes.

From the agreed statement of facts it is to be seen that the articles of association, together with a petition praying for the incorporation of the drainage district, was filed on December 23, 1916, and that the circuit court of Chariton county, on the 10th day of February, 1917, entered its order incorporating the Garden of Eden drainage district; that on November 24, 1919, the report of the commissioners assessing the

amounts of benefits against lands in said district was confirmed by said court; that bonds have been issued and sold for the purpose of securing funds to carry on the improvements provided for in the plan of reclamation; that a tax was levied on all the lands of the district to pay the interest and principal of said bonds as they matured; that the land now owned by the plaintiff was formerly owned by one Henry Evernhan, Jr., who, on March 24, 1917, executed a deed of trust on said land to Bartlett Bros. Land & Loan Company; this land was acquired by the plaintiff at a foreclosure sale under the deed of trust about April, 1927; that Evernhan, Jr., the former owner, paid all the taxes assessed against the land of plaintiff, excepting the tax for the years 1926 and 1927.

■ VI. The complainants assert that this act of the Missouri Legislature is void, because it confers the right to form a drainage district only upon the owners of a majority of the acreage of a contiguous body of swamp, wet, or overflowed lands for a public purpose, and authorizes the taxation of lands of such a character within its boundaries and at the same time denies to any landowner who has not signed the articles of association (1) the right to show that the lands owned by the signers of the articles are not wet, swamp, or overflowed lands; (2) or that the lands embraced within the boundaries of the proposed district are not of that character; (3) or that the lands of the objecting landowners are not swamp, wet, or overflowed lands, and cannot be benefited in any way by any plan of reclamation; (4) or that the object of the incorporation is not a public purpose, but a private enterprise.

The contention is that, where objections are filed to the articles of association for a proposed drainage district, under the statute such objections "shall be limited to a denial of the statements in the articles of association." Therefore defenses such as those just mentioned were not available to an objector, at the time of the organization of a drainage district.

It will be well to notice at this point what the articles of association are required to contain. Section 4378, R. S. 1919, requires the owners of a majority of the acreage in any contiguous body of swamp, wet, or overflowed lands to sign articles of association in which it shall be stated:

(1) The name of the district.

(2) The number of years the same is to continue.

(3) The boundary lines of the proposed drainage district.

(4) The names of the owners of lands or other property in said district, together with a description of the lands and other property owned by it.

(5) When the names of the owners of any of said lands or other property is unknown, this fact shall be set out in said articles.

(6) That the owners of real estate and other property within said district, whose names are subscribed to said articles, are willing to pay the taxes that may be assessed against their lands or other property to pay the expense of organizing and of making and maintaining the improvements that may be necessary to effect the reclamation of said lands and other property.

(7) The articles of association shall contain a prayer praying that the lands or other property described therein be declared a drainage district.

The court, upon the issue made by the articles of association, which constitute the first pleading in the action (Sibbett v. Steele, 240 Mo. 85, 144 S. W. 439), and the objections thereto, enters its order, either declaring the district a public corporation or dismissing the action because it finds that the property should not be incorporated into a drainage district.

■ VII. Complainants assert that the act, particularly section 4387, R. S. 1919, is void, because it authorizes a majority of the owners of a body of swamp land, not only to form it into a drainage corporation, but also to create a taxing district and levy a tax of 50 cents per acre on every acre within its boundaries, to pay the preliminary expense of organizing the district, for the reason that it does not afford a landowner an opportunity to assert defenses such as those mentioned above; that the levy of the tax in the manner provided was a denial of due process.

The case of Spencer v. Merchant, 125 U. S. 345, 8 S. Ct. 921, 31 L. Ed. 763, is in principle similar to the case now before the court. A special assessment had been levied for the improvement of a street. The improvement was made and a portion of the tax levied against the lots within the district had been paid. A contest was made of the statute authorizing the improvement, and it was held to be invalid. Thereafter the Legislature passed another statute fixing the amount of benefits as the total of the remaining unpaid tax, together with some additions for interest and expense.

This new act provided that the property owners would be given a hearing upon the apportionment of this total tax among lots, the owners of which had not paid the original assessment. The property owners were not given a right to contest the total assessment, but could have a limited hearing on the manner of apportioning this total amount among the various lots. The Supreme Court said:

"In the absence of any more specific constitutional restriction than the general prohibition against taking property without due process of law, the Legislature of the state, having the power to fix the sum necessary to be levied for the expense of a public improvement, and to order it to be assessed, either like other taxes, upon property generally, or only upon the lands benefited by the improvement, is authorized to determine both the amount of the whole tax, and the class of lands which will receive the benefit and should therefore bear the burden, although it may, if it sees fit, commit the ascertainment of either or both of these facts to the judgment of commissioners.

"When the determination of the lands to be benefited is intrusted to commissioners, the owners may be entitled to notice and hearing upon the question whether their lands are benefited and how much. But the Legislature has the power to determine, by the statute imposing the tax, what lands, which might be benefited by the improvement, are in fact benefited; and if it does so, its determination is conclusive upon the owners and the courts, and the owners have no right to be heard upon the question whether their lands are benefited or not, but only upon the validity of the assessment, and its apportionment among the different parcels of the class which the Legislature has conclusively determined to be benefited.

"In determining what lands are benefited by the improvement, the Legislature may avail itself of such information as it deems sufficient, either through investigations by its committees, or by adopting as its own the estimates or conclusions of others, whether those estimates or conclusions previously had or had not any legal sanction."

■ It is the taxing power of the state with which we are here concerned. The right to notice and hearing does not extend to taxes of every description, but only to such as involve the exercise of quasi judicial power in the determination of the amount. In the case of a tax not dependent upon the valuation of property, and in which there is no discretion as to the amount, no notice of the assessment or levy of the tax is necessary. Hagar v. Reclamation District, 111 U. S. 704, 4 S. Ct. 663, 28 L. Ed. 569; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616; Parsons v. District of Columbia, 170 U. S. 45, 18 S. Ct. 521, 42 L. Ed. 943. The manner in which the preliminary acreage tax was assessed in this case was expressly upheld by the Supreme Court of the United States in construing a former drainage statute in this state. Houck v. Little River Drainage District, 239 U. S. 254, 36 S. Ct. 58, 60 L. Ed. 266. The court there said:

"It is apparent that when the district was duly organized it had the same footing as if it had been created by the Legislature directly; and if the Legislature could have established this district by direct act, and then constitutionally imposed upon the lands within the district the ratable tax in question to pay the expenses of organization and for preliminary work, it cannot be doubted that the Legislature had power to impose the same tax upon the district as organized under the judgment of the court."

■ VIII. Turning to the character of the hearing provided by the Missouri statute (sections 4378, 4380, R. S. 1919) at the institution of a drainage proceeding, it will be observed that a petition for the organization of the district is filed, and that notice thereof is given in the customary manner in such proceedings, with the opportunity afforded for parties interested to file objections denying the allegation of the petition. The manner of pleading the issues to be determined by the court is decidedly informal. The statute requires that the proceeding be summary and thereby indicates that the strict formality of proceedings ordinarily observed in cases under the common law is to be dispensed with. All the facts which the Legislature deems to be essential in order to organize a district may be denied, and proof offered in support of such defenses. A hearing at which an interested party has the opportunity to allege and prove the nonexistence of each and every fact, the existence of which shall be necessary to establish a district, amply meets every possible constitutional requirement.

The issue there is whether or not a drainage corporation shall be formed, and it is inconceivable that in such a proceeding

any property owner would be denied the privilege of asserting any pertinent objection to the formation of a corporation for the purpose of carrying on a public work such as that contemplated by this statute. The Supreme Court of Missouri has construed the statute as giving that privilege to a property owner. In re Mingo Drainage District (Dean v. Wilson et al.) 267 Mo. 268, 183 S. W. 611. It is not claimed in this case that this plaintiff, or any predecessor in title, ever sought to press any objection to the incorporation of the Garden of Eden drainage district and was denied the privilege of stating or proving a defense. While that may not be essential to entitle plaintiff to maintain this action, the absence of any objection at the proper time is an outstanding fact in this case.

The section of the statute which provides for this original hearing in substantially its present form has been before both the Supreme Court of Missouri and the Supreme Court of the United States, and has been held to be a proper expression of legislative authority and not open to the objection that it was violative of the Fourteenth Amendment. Houck v. Little River Drainage District, 248 Mo. 373, 154 S. W. 739; Houck v. Little River Drainage District, 239 U. S. 254, 36 S. Ct. 58, 60 L. Ed. 266. See, also, Missouri Pac. R. Co. v. Western Crawford Improvement Dist., 266 U. S. 187, 45 S. Ct. 31, 69 L. Ed. 237; Valley Farms Co. v. Westchester County, 261 U. S. 155, 43 S. Ct. 261, 67 L. Ed. 585.

IX. The fact that plaintiff's property was located in the drainage district did not affect its rights as asserted in this case in any way. No part of the tax now complained of arose merely by reason of plaintiff's property being within the district. It was the judgment of the court, subsequent to the incorporation of the district determining that plaintiff's property was benefited, that resulted in the tax complained of being imposed. In re Mississippi & Fox River Drainage District et al. (Buschling v. Ackley et al.) 270 Mo. 157, 192 S. W. 727.

This tax was imposed after the commissioners were appointed in accordance with the law to assess the amount of damages suffered and benefits accrued to each piece of property in the district. When the commissioners completed this work, it was their duty, under the law, to file their report in the office of the circuit clerk, of which fact notice was given in the manner provided by the act. Thereupon, under section 4392, every owner of property in the district was given the opportunity to file exceptions to said report and to any assessments of either damages or benefits. No limitation is placed by this statute upon the form being taken by such exceptions. The owners of property were at liberty, so far as the statute was concerned, to assert any objections that might suggest themselves for determination of the court. It was upon the issue thus made that the court entered its final judgment, which affected the rights of property owners in the district. The statute further provides for an appeal from the judgment of the court in this respect.

It was this final judgment that affected plaintiff's right and resulted in the levying of the tax of which complaint is here made. On this issue plaintiff was given notice, and the opportunity to set up and be heard on any relevant defense. It is to be noticed that there is no fact alleged or admitted in this case that indicates that the owner of the land on which this tax was assessed was in a position to establish any of the defenses, at any stage of the proceeding in the circuit court, which in this case plaintiff claims he would have been prevented from asserting. The full and complete opportunity accorded all objectors at the hearing on the commissioners' reports assessing benefits, as has been often held, amply meets all requirements of due process.

In Hodge v. Muscatine County, 196 U. S. 276, 25 S. Ct. 237, 49 L. Ed. 477, the Supreme Court said: "If the taxpayer be given an opportunity to test the validity of the tax at any time before it is made final, whether the proceedings for review take place before a board having a quasi judicial character, or before a tribunal provided by the state for the purpose of determining such questions, due process of law is not denied. It was held by this court in Pittsburgh, C., C. & St. L. R. Co. v. Backus, 154 U. S. 421, 426, 38 L. Ed. 1031, 1036, 14 S. Ct. 1114, that a hearing before judgment, with full opportunity to present the evidence and the arguments which the party deems important, is all that can be adjudged vital. See, also, King v. Mullins, 171 U. S. 404, 43 L. Ed. 214, 18 S. Ct. 925." See, also, Weyerhaueser v. Minnesota, 176 U. S. 550, 20 S. Ct. 485, 44 L. Ed. 583; McMillen v. Anderson, 95 U. S. 37, 24 L. Ed. 335; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616; State ex rel. Norborne Land

Drainage District Co. v. Hughes, 294 Mo. 1, 240 S. W. 802; Bauman v. Ross, 167 U. S. 548, 17 S. Ct. 966, 42 L. Ed. 270.

X. But there is still another consideration that cannot be overlooked in this case. The Garden of Eden drainage district was incorporated more than 10 years ago. The work of reclaiming the land in the district has been done. Whatever improvement has been made to the property within the area of the district has been completed. Bonds to provide funds for executing this work have been sold, and are now in the hands of innocent parties. The owner of the land with which we are concerned in this case filed no objections to the incorporation of the district, and no objections to the report of the commissioners assessing benefits. The taxes assessed, including the sum of 50 cents per acre for organization purposes, have been paid to the year 1926. In view of these facts, it does seem that this suit has been tardily instituted.

Even the provisions of the Constitution are not always available to the litigant. A person may by his acts or omission to act waive a right which he might otherwise have under the Constitution of the United States. Provisions of a constitutional nature, intended for the protection of a property owner, may be waived by him when by a course of conduct it would be unjust to permit him to assert them. Pierce v. Somerset Ry. Co., 171 U. S. 641, 19 S. Ct. 64, 43 L. Ed. 316; Shepard v. Barron, 194 U. S. 553, 24 S. Ct. 737, 48 L. Ed. 1115; Odea v. Mitchell, 144 Cal. 374, 77 P. 1020; Avery & Sons v. City of Atlanta, 163 Ga. 591, 136 S. E. 789.

There is nothing in this record that relieves plaintiff from the application of the general rule. It stands in the same position that its predecessor in title would have stood, had he brought this action. Kelly v. Green Bay, W. & St. P. Ry. Co., 80 Wis. 328, 50 N. W. 187; Hermanns v. Fanning, 151 Mass. 1, 23 N. E. 493. The circumstances of this case are such that laches are attributable to plaintiff. It must be deemed to have waived its rights, if any it had. It would be grossly unjust and inequitable to now grant the injunction sought. Penn Mutual Life Ins. Co. v. Austin, 168 U. S. 685, 18 S. Ct. 223, 42 L. Ed. 626.

The order of the court will be that plaintiff's bill be dismissed, and a decree accordingly may be tendered.