STATE OF MISSOURI at the Relation and to the Use of WILLIAM STOECKER, Relator, v. JENNINGS SEWER DISTRICT OF ST. LOUIS COUNTY ET AL.—63 S. W. (2d) 133.

Division Two, September 4, 1933.

*Ralph, Nolan, Rush & Brown* for relator.

*S. D. Flanagan* for respondents.

*Charles Claflin Allen, Jr.,* and *Williams, Nelson & English, amici curiae.*

WESTHUES, C.—Relator seeks, in this proceeding, to compel the respondents, Board of Supervisors of Jennings Sewer District of St. Louis County, Missouri, and the secretary and treasurer thereof, to complete a certain tax levy and to apply the proceeds to the payment of warrants in a sum of $10,250, held by relator with interest thereon.

Respondent, sewer district, was organized under the provisions of Chapter 65, Revised Statutes 1929. The law was enacted by the Legislature in the year 1927, and repealed by the Legislature in the year 1931. While its life was of short duration it has had a stormy career. It has been the source of many legal combats.

Relator's petition states that after the organization of the district the board of supervisors employed attorneys and appointed a chief engineer for the district and caused surveys to be made, thereby incurring expenses and debts in organizing the district; that the warrants of relator were executed and delivered for a part of the expenses so incurred. Relator then alleges that the respondent board assessed and levied a uniform tax of ten cents per square of one hundred square feet upon all lands within the district for the purpose of providing funds to pay the expense of the preliminary work. It is charged that all necessary steps have been taken by the officers for the purpose of making a valid levy and assessment except that they have failed and now refuse to certify to the Recorder of Deeds and the Collector of Revenue of St. Louis County the proceedings of the board making the assessment for the purpose of collecting the tax. Relator asks that respondents be compelled to take these necessary steps to the end that funds may be collected for the payment of the warrants held by him and also that the officers be compelled to pay to relator the full amount and interest called for by the warrants.

Relator also alleges that respondent, board of supervisors, has issued warrants for preliminary expenses incurred in a sum in excess of $82,300; that the uniform tax of ten cents per square of one hundred square feet, if all were collected, would amount to only $82,300; that the Circuit Court of St. Louis County has not determined whether or not the estimated cost of the works and improvements of building the sewers of the district would exceed or be less than the benefits assessed against the land of the district; also, that the circuit court has not confirmed any report of commissioners appointed to determine and assess benefits and damages as provided in Section 11042 of the act.

The return of respondents admits many of the material allegations of the petition. In the return respondents, however, assert that in making the levy and assessment, as alleged in the petition, the board excluded from the assessment private streets, roads and parks which consisted of 2,531,933 square feet and, therefore, the levy made was not a uniform levy as required by law. Respondents also assert that the repealing statute of the Legislature has left them without power to act, also that the repealing act is unconstitutional because it authorizes the levy of a tax for a private purpose.

To this return relator filed a motion for judgment upon the plead-

ings. The truth of any facts set forth in the return are, therefore, admitted.

The questions of law raised by respondents' return, as to the constitutionality of the act, have all been definitely settled by this court and we will not consider them again except to refer to the cases wherein the questions were decided. The court en banc held the act constitutional. [State ex rel. v. Curtis, 4 S. W. (2d) 467, 319 Mo. 316.] Section 7 of the act, later Section 11037, Revised Statutes 1929, which is the section giving the board of supervisors the power to levy a uniform tax for the preliminary work, was expressly mentioned in the opinion as being constitutional. [See page 473 (15) of the opinion.] In the case of State ex rel. v. Webster Groves Sewer District, 327 Mo. 594, 37 S. W. (2d) 905, a mandamus proceeding, the court en banc issued its writ of mandamus compelling the board of supervisors to levy a tax for the payment of expenses incurred by the district incident to the work necessary to organize the district, making surveys, assessing benefits and damages, etc., as provided in Section 11037, Revised Statutes 1929. It was there held that it was the mandatory duty of the board of supervisors to levy a tax for the purpose of obtaining funds to discharge the debts thus incurred. [See State ex rel. v. Webster Groves Sewer District, 327 Mo. 594, 37 S. W. (2d) l. c. 910 (14, 15).] In the two cases referred to the court en banc disposed of all the constitutional questions affecting the Act of 1927, raised by the return in this case, and on the authority of those cases the points are ruled against respondents.

Respondents also challenge the validity of the repealing statute and assert that it is unconstitutional because it authorizes the board to continue in existence for the purpose of making tax levies to discharge the legal obligations of the district. The repealing act was held constitutional by the court en banc in State ex rel. v. Wellston Sewer District, 332 Mo. 547, 58 S. W. (2d) 988. This act does not confer any new powers upon the board but continues its existence until such time as its affairs may be settled. The contention of respondents that the repealing act is unconstitutional because it authorizes a levy of a tax for a purely private purpose, was fully answered adverse to respondents in State ex rel. v. Curtis and State ex rel. v. Wellston Sewer District, supra; Egyptian Levee Co. v. Cummins, 27 Mo. 495, 72 Am. Dec. 276; Houck v. Little River Drainage District, 154 S. W. 739, 248 Mo. 373, 239 U. S. 254.

The contention that the repealing statute left the board without any power to act is without merit. The repealing act expressly provides that it shall have the same effect "as if the circuit court had, under the provisions of Section 11062, Revised Statutes of Missouri, 1929, found that the estimated costs of the works and improvements exceed the estimated benefits." The effect is that the incorporation of the district shall be dissolved as soon as all costs incurred

shall have been paid. Section 11062 is explicit in its terms. It is mandatory upon the board to take the necessary steps to wind up the affairs of the district and to discharge all lawful debts existing against it. Under the plain terms of the statute and the decisions above cited the respondents are bound to make and complete a uniform tax levy so that the lawful claims existing against the district may be discharged. The return of respondents does not contain any legal excuse why they should not do so. The respondents, however, state in their return that the levy made, the completion of which the relator seeks to compel by this proceeding, was not a uniform tax levy as required by Section 11037 of the act; that a substantial amount of area was omitted from the assessment. Under the pleadings we must take this allegation of the return as true. Relator has not denied the allegations of the return.

■ Under the terms of the statute the tax levy must be uniform upon all lands within the district. Respondents are in duty bound to make and complete such a levy. It would be futile, however, to compel respondents to certify the levy made because, according to the return, it is not uniform. This being true it is unnecessary to consider other questions raised.

By permission of the court two *amici curiae* briefs were filed in this case. One by attorneys representing other warrant holders and another by attorneys representing taxpayers of the district. In the brief filed on behalf of other warrant holders it is urged that relator is not entitled to have his warrants paid in full to the exclusion of warrants held by other persons; that the levy of ten cents is not sufficient to pay all outstanding warrants and, therefore, the petition and writ should be so amended that all warrant holders will share equally and unless amended the peremptory writ of mandamus should be denied.

Attorneys representing certain taxpayers of the district contend that the relief prayed for should be denied because the taxpayers are vitally interested in the outcome of this litigation and are not parties to the suit; that the warrants described in relator's petition were issued in pursuance of an *ultra vires* contract and the legality thereof should be first determined before a mandamus be issued to compel the payment thereof. In their brief we read:

"It is apparent that this proceeding was instituted for the express purpose of enforcing a tax against taxpayers without giving the taxpayer his right to a day in court or any opportunity to defend in his own behalf.

"We suggest that the procedure of the respondent Sewer District, and other sewer districts organized and existing in St. Louis County, under the same law, have been so notorious, so oppressive and of such common knowledge, through the press and channels of litigation, that this court ought not grant its writ of mandamus

906

in this case without having all the facts before it, and without giving the oppressed an opportunity to appear in court, plead and defend to the end that justice may prevail.''

█ This apprehension is without foundation. Irrespective of the outcome of this suit it would not bar a proceeding to cancel the warrants if illegally issued. The taxpayers are vitally interested. They must pay the bills. Since they are not parties to the suit any judgment entered would not affect their rights in the subject matter of the litigation. The validity of the warrants can be litigated in some proceeding commenced in the circuit court. From what we have said it is evident that the peremptory writ must be denied and, therefore, it is not necessary to consider the questions briefed by the other warrant holders.

The writ is denied on the ground that the levy made is not uniform. Respondents should not find it difficult to ascertain their duty under the law. They have as a guide the cases of this court en banc above cited. These cases and the provisions of the statute ought to be sufficient to point the way for an early settlement of the affairs of the district. The board of supervisors ought to levy a uniform tax upon all of the lands of the district in order that funds may be obtained for the payment of all lawful claims existing against the district. This ought to be done at an early date so that the law, which the Legislature has repealed and which has caused much litigation, may be put at rest.

The peremptory writ is denied. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.