603 P.2d 332

**TIFFANY CONSTRUCTION CO., INC.,**
**Plaintiff-Appellant,**

v.

**BUREAU OF REVENUE, State of New Mexico, Defendant-Appellee.**

**No. 3777.**

Court of Appeals of New Mexico.

Oct. 18, 1979.

Anita P. Miller, McCulloch, Grisham & Lawless, P. A., Albuquerque, for plaintiff-appellant.

Jeff Bingaman, Atty. Gen., Gerald B. Richardson, Sp. Asst. Atty. Gen., Santa Fe, for defendant-appellee.

## OPINION

LOPEZ, Judge.

Plaintiff appeals an adverse judgment in the district court denying its claim for refund of gross receipts taxes. We affirm.

Two issues are raised on appeal: (1) whether plaintiff has waived its right to claim a refund under § 7–1–26, N.M.S.A. 1978 (Supp.1979) by having already protested and litigated under § 7–1–24, N.M.S.A. 1978 (Supp.1979) the penalty imposed for failure to pay the New Mexico Gross Receipts and Compensating Tax; and (2) whether the State of New Mexico can impose this tax on a non-Indian, non-resident contractor working exclusively on an Indian reservation in the State.

Tiffany is a non-Indian, Arizona corporation with its principal place of business in Arizona. For approximately one year, it worked on the New Mexico portion of the Navajo Reservation, grading and draining a road. No work was done off the reservation. The evidence is uncontroverted that all of Tiffany's employees were either residents of Arizona or Navajo Reservation Indians. The Arizona employees always entered and left the reservation through the Arizona side; and they did not use New Mexico health, educational, or law enforcement services. The approximate amount of the construction project was $1,681,740.00. The Bureau of Revenue of the State of New Mexico assessed a tax levy in the amount of $78,583.03 on Tiffany as gross receipts taxes on this project under the State Gross Receipts and Compensating Tax Act: Sections 7–9–1 to 7–9–81, N.M.S.A.1978.

In June, 1975, Tiffany was informed that it owed $32,343.02 in gross receipts taxes, including a penalty for nonpayment and interest. Plaintiff protested, and an administrative hearing followed, pursuant to § 7–1–24. The Bureau denied plaintiff's protest. This court affirmed its decision in *Tiffany Construction Co. v. Bureau of Revenue*, 90 N.M. 16, 558 P.2d 1155 (1976), *cert. denied*, 90 N.M. 255, 561 P.2d 1348 (1977). Tiffany paid the tax, penalty, and interest. Thereafter, it paid an additional $46,240.01 in monthly assessments. In November, 1976, Tiffany brought suit in the district court for a refund of $78,583.03, the total amount of gross receipts taxes, including penalty and interest, assessed and paid on its Navajo project.

Because the second issue is dispositive of this appeal, we will discuss only that issue.

Tiffany's construction work in New Mexico was properly taxed under the New Mexico Gross Receipts and Compensating Tax Act. The imposition of this tax does not violate the Fourteenth Amendment of the United States Constitution. Due process requires a taxable event occur in the state that wishes to impose its tax. *Wisconsin v. J. C. Penney Co.*, 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267 (1940). The taxable event in the instant case is the performance of construction work within the state of New Mexico. Any individual or company performing construction work in this state is subject to gross receipts tax on that work. The Gross Receipts Tax is levied on services performed in New Mexico. Section 7–9–3(F), N.M.S.A.1978. "'Service' includes construction activities * * *." Section 7–9–3(K), N.M.S.A.1978. Tiffany has been taxed for having performed construction work in New Mexico. The purpose of the Gross Receipts Tax is "to provide revenue for public purposes by levying *a tax on the privilege of engaging in certain activities* within New Mexico * *." (Emphasis added.) Section 7–9–2, N.M.S.A. 1978. A tax on the "privilege of doing business" in a state is Constitutional. *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977).

Being on the New Mexico portion of the Navajo Reservation, Tiffany's entire construction project was located within the boundaries of the state of New Mexico. Although Indian reservations occupy a peculiar position in that they are self-governing entities, they are, nevertheless, part of the state in which they are located. Of the state's power to tax a non-Indian on the Mescalero Reservation, a federal judge wrote:

> While it may be true that the Tribe has the power to grant the privilege of engaging in business on the reservation, it is also true that the state has power to tax business conducted in the state. The Mescalero Reservation is not located by itself on another planet. It is situated in New Mexico * * *.

*Mescalero Apache Tribe v. O'Chesky*, 439 F.Supp. 1063, 1073 (D.N.M.1977). The right to vote in New Mexico is predicated upon residency in the state, and reservation Indians are eligible to vote in state elections. *Montoya v. Bolack*, 70 N.M. 196, 372 P.2d 387 (1962). Moreover, construction activities on an Indian reservation are activities within the state for purposes of the Gross Receipts Tax. *See G. M. Shupe, Inc. v. Bureau of Revenue*, 89 N.M. 265, 550 P.2d 277 (Ct.App.), *cert. denied*, 89 N.M. 321, 551 P.2d 1368 (1976); *Mescalero Apache Tribe, supra*. Consequently, while constructing the Navajo road, Tiffany was doing business in the state of New Mexico and was subject to the New Mexico Gross Receipts Tax.

Tiffany claims that it must receive benefits in New Mexico in order for the State to constitutionally impose a tax upon it. It argues that it obtained no benefits from the State and so cannot be taxed. This argument is without merit.

There is substantial evidence in the record to support the trial court's finding that Tiffany enjoyed the use of roads located on the reservation but maintained by the State, and that it benefitted from the New Mexico Environmental Improvement Agency's regulation of air pollution from the Four Corners Power Plant.

Tiffany next contends that, even if it did receive some benefits in New Mexico, the tax imposed is disproportionate to those benefits, and so unconstitutional. This argument, too, is without merit.

The Fourteenth Amendment does not require taxes be levied according to the benefits received by the person or entity taxed. *Missouri Pacific Railroad v. Road District*, 266 U.S. 187, 45 S.Ct. 31, 69 L.Ed. 237 (1924); *see also Dane v. Jackson*, 256 U.S. 589, 41 S.Ct. 566, 65 L.Ed. 1107 (1920).

A tax is not an assessment of benefits. * * * The only benefit to which the taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes. * * Any other view would preclude the levy-

ing of taxes except as they are used to compensate for the burden on those who pay them, and would involve the abandonment of the most fundamental principle of government—that it exists primarily to provide for the common good. * * This court has repudiated the suggestion, whenever made, that * * * [a taxpayer] can resist the payment of the tax because it is not expended for purposes which are peculiarly beneficial to him.

*Carmichael v. Southern Coal & Coke Co.*, 301 U.S. 495, 522–23, 57 S.Ct. 868, 878–879, 81 L.Ed. 1245 (1937).

Even if Tiffany had received no other benefits from the State, it would be subject to the State tax from the simple fact of having engaged in business here. A tax on the privilege of engaging in business in a state is Constitutional. *Brady, supra.* The lack of benefits argument is frivolous when a company is able, through its presence in a state, to carry on a valuable business there. *Standard Pressed Steel Co. v. Department of Revenue*, 419 U.S. 560, 95 S.Ct. 706, 42 L.Ed.2d 719 (1975).

Tiffany came into New Mexico for its own benefit. It conducted business here worth approximately $1,681,740.00 and employed 100 persons on this project. It had sufficient minimal contacts with the State to justify the imposition of a state tax. In *Standard Steel, supra*, the United States Supreme Court upheld a state gross receipts tax on a foreign corporation that had only one employee in the state. Tiffany enjoyed the privilege of engaging in business in New Mexico and was properly taxed for this privilege.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HENDLEY, J., concur.