CADDELL et al., Appellants,

v.

COLUMBIANA COUNTY BOARD OF COMMISSIONERS, Appellee, et al.

[Cite as *Caddell v. Columbiana Cty. Bd. of Commrs.* (1996), 112 Ohio App.3d 10.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 94–C–88.

Decided June 25, 1996.

*Alan B. Cohen,* for appellants.

*Robert L. Herron,* Columbiana County Prosecuting Attorney, and *Richard V. Hoppel,* Assistant Prosecuting Attorney, for appellee.

---

GENE DONOFRIO, Judge.

Plaintiffs-appellants, Basil and Sally Caddell and Robert A. and Dorothy L. Ward, hereby appeal from an order of the Columbiana County Common Pleas Court granting summary judgment in favor of defendant-appellee, Board of Commissioners of Columbiana County, Ohio ("the board") and defendant W.E. Quicksall and Associates, Inc.

This case involves the expansion of sanitary sewer lines by appellee board. A brief review of the procedural requirements set forth in the Ohio Revised Code as to sanitary sewer improvements is helpful to an understanding of the facts and arguments made by the parties in the instant case.

R.C. 6117.03 provides that, whenever authorized by the legislative authority of any municipal corporation, a board of county commissioners may by resolution lay out, establish and maintain one or more sewer districts in its county to include all or part of the territory within a municipal corporation.

R.C. 6117.06 provides that after the establishment of any sewer district, the board shall have prepared, as complete as can be made at the time, a general plan of sewerage for the district. After the general plan has been approved by the board, the board shall have prepared detailed plans, specifications and estimates of cost. These plans, specs and costs are to be open to inspection by all interested parties.

R.C. 6117.06 further provides that after approval of these detailed plans, and at least twenty-four days before adopting a resolution of necessity, the board shall send a notice of its intent to consider or adopt a resolution of necessity to owners of property as specified in R.C. 6117.06(B). The notice must:

"(1) Be sent by first class or certified mail;

"(2) Specify the proposed date of the adoption of the resolution;

"(3) Contain a statement that the project will be financed in whole or in part by special assessments and that all owners of property not located in an agricultural district * * * may be subject to a special assessment; and

"(4) Contain a statement that an agricultural district may be established by filing an application with the county auditor."

R.C. 6117.06(C) provides that after complying with the above provisions, the board shall adopt a resolution that the improvement is necessary for the preservation and promotion of public health and welfare. The resolution must describe the boundaries of the district to be assessed and must designate a time and place where the board will hear objections to the improvement. The date of the hearing must be not less than twenty-four days after the date of the first publication of notice of the hearing. Notice of the hearing must be published in a newspaper of general circulation once a week for two consecutive weeks. On or before the date of the second publication, the board must send by first class or certified mail a notice to every owner of property to be assessed. The notice provisions are specifically set forth in R.C. 6117.06(C) and provide that owners to be assessed may object in writing.

R.C. 6117.07 provides that after the expiration of five days after the hearing as provided for in R.C. 6117.06(C), the board shall determine whether it will proceed with the improvement. Notice of the time and place of the board's meeting shall be sent to all persons who filed written objections to the improvement as set forth in R.C. 6117.06(C).

R.C. 6117.07 further provides that if the board decides to proceed with the improvement, the board shall ratify or amend the plans for the improvement, and may cause to be made such revision of plans, boundaries or assessments as the board considers necessary. If the boundaries of the assessment district are amended, R.C. 6117.07 provides for additional notices to the affected property owners.

Finally, R.C. 6117.09 provides for appeal to the probate court by any owner of property to be assessed.

On February 28, 1965, the board established by resolution the Columbiana County Water and Sewer District. The resolution specifically excluded the municipality of Hanoverton from the district.

By letter dated May 3, 1989, the Mayor of Hanoverton, stating that he was acting with the authority of city council, requested the board to take over and accept all responsibility for the engineering, development and financing for a sewer system for the municipality of Hanoverton.

On May 10, 1989, the board, by Resolution No. 11–89, committed itself as one of its top priorities to the development of a water and sewage system for the village of Hanoverton and to immediately begin seeking grants and funding for the project.

On August 15, 1990, the board passed Resolution No. 12–90, whereby it provided assurance to the Ohio Water Development Authority ("OWDA") of a source of local funds for the planning of certain sewer improvements to serve, among other communities, the village of Hanoverton. The resolution was necessary to provide assurance to the OWDA that if the project did not proceed through construction, the board would make repayment to the OWDA of all borrowed planning costs through the completion of property assessment procedures or from the county's general fund. It is noted that the United States Supreme Court has ruled that a public entity does not violate due process when it assesses property to pay for the planning of a project which is not later completed. See *Missouri Pacific RR. Co. v. W. Crawford Dist.* (1924), 266 U.S. 187, 190, 45 S.Ct. 31, 32, 69 L.Ed. 237, 243; *Houck v. Little River Drainage Dist.* (1915), 239 U.S. 254, 265, 36 S.Ct. 58, 61–62, 60 L.Ed. 266, 274–275.

On February 10, 1993, the board passed a resolution of necessity for the purpose of improving the county's Sewer and Water District No. 2. The resolution found that it was necessary to improve the district by constructing sanitary sewer improvements for certain areas, including the municipality of Hanoverton. The resolution further set forth that the plans were on file in the office of the clerk of the board and further provided that the boundaries of the part of the district which were to be assessed were attached as Exhibit C to the resolution.

On February 17 and 24, 1993, notice of the public hearing to be held March 17, 1993 was published in the Morning Journal, a newspaper of general circulation in Columbiana County.

After the public hearing was held, the board accepted written objections regarding the proposed improvement in accordance with R.C. 6117.06(C).

After written objections were received, the board did not immediately pass a resolution to proceed with the sewer improvement as set forth in R.C. 6117.07.

Instead, from the time of the passage of the resolution of necessity to the filing of the instant lawsuit, the board limited its actions to arranging financing for the project and securing easements from willing property owners, the easements being contingent upon passage of a resolution to proceed. The board also determined the need for eminent domain proceedings to obtain other easements from unwilling property owners, and advertised for bids for supplies for the project. No construction of the project was begun.

On August 2, 1994, appellants filed a complaint for injunctive and declaratory relief against the board and W.E. Quicksall & Associates ("Quicksall"), which was engaged as a consulting engineer for the project. The complaint alleged that the board had illegally advanced the project toward its conclusion without passing the improvement resolution as required by R.C. 6117.07. In addition, appellants alleged that Resolution No. 12–90, passed on August 15, 1990, was a resolution of necessity which had been illegally passed since no public notice of it had been given. The complaint further alleged that the improvement of sanitary sewers in the municipality of Hanoverton was illegal because Hanoverton was specifically excluded from the enacting ordinance creating the Columbiana County Water and Sewer District on February 28, 1965 and because R.C. 6117.01 excludes municipalities from the areas in which a county sewer district may make improvements. The complaint requested that the trial court issue a preliminary and permanent injunction barring the board from taking any action to advance the sewer project, for an order declaring Resolution No. 12–90 void, for an order declaring the resolution of necessity of February 10, 1993 void and for an order declaring that any and all actions taken by the board and Quicksall in regard to the project were void from their inception.

The board and Quicksall subsequently moved for summary judgment. On December 7, 1994, the trial court issued its order granting summary judgment in favor of the board and Quicksall. In its order, the trial court found that R.C. 6117.03 states that a board of county commissioners may make sewer improvements in a municipality only if the municipality authorizes the improvements by ordinance or resolution. The trial court found that the May 3, 1989 letter from the Mayor of Hanoverton did not satisfy the requirement of R.C. 6117.03. The trial court thus found that the proceedings of the water and sewer district may not include the municipality of Hanoverton without the specific authorization of the legislative authority of Hanoverton.

Other than obtaining the authorization from the legislative authority of Hanoverton, the trial court found no other reason to issue an injunction to halt the project in question. The trial court found that since R.C. 6117.09 provides for an exclusive remedy as to questions concerning the necessity of improvements, the boundaries of the assessment district and the tentative apportionment of the

assessment by appeal to the probate court, any issues dealing with those questions were not properly before the trial court. The trial court thus ordered that once the legislative authority of the village of Hanoverton approved the project, the only procedural defect complained of would be cured and the project could proceed.

After the trial court issued its order, appellants filed this timely appeal.

Appellants have listed three assignments of error. In the first, they argue:

"The trial court erred in granting summary judgment because a genuine issue of material fact exists in regards to the actions taken by the defendant-appellees without passage by them of that resolution mandated by law as a condition precedent to their taking any action."

Appellants cite R.C. 6117.07 and 6117.08 and argue that the passage of an improvement resolution is a condition precedent to the board's taking any action at all with regard to the improvement. Appellants argue that there was a question of fact as to whether the board had taken any action with regard to the improvement. Appellants argue that the board advertised for bids on the project, arranged financing for the project, secured a loan from the OWDA, secured necessary easements from willing property owners and considered instituting eminent domain proceedings to acquire further property. Further, appellants argue that the board ratified the plans for the improvement, the boundaries of the assessment district and the tentative assessment. Appellants thus argue that the board has illegally taken action prior to the passage of the improvement resolution provided for in R.C. 6117.07.

R.C. 6117.07 provides:

"After the board has ratified the plans for the improvement and the character and termini thereof, the boundaries of the assessment district, and the tentative assessment, either as originally presented or as amended, and if it decides to proceed therewith, the board shall adopt a resolution to be known as the improvement resolution. Such improvement resolution shall declare the determination of such board to proceed with the construction of the improvement provided for in the resolution of necessity, in accordance with the plans and specifications provided for such improvement as ratified or amended, and whether bonds or certificates of indebtedness shall be issued in anticipation of the collection of special assessments * * *."

Clearly, under R.C. 6117.07, the board must ratify the plans for the improvement, the boundaries thereof and the tentative assessment before adopting an improvement resolution. As the board has argued, this is so because a board must be given the ability to reconsider aspects of a project and to change it as the board sees fit.

■ All actions taken by the board in the instant case (*i.e.,* arranging for financing, advertising for bids and securing easements) are, in our view, preliminary actions permissible under R.C. 6117.07. It would be impossible to determine the amount of assessment on property owners without knowing what a project will cost. Taking bids on a project, securing easements and determining whether eminent domain proceedings will be necessary are relevant to the cost of a project. Likewise, we view the arrangement of financing in a similar manner. It would be ineffectual to adopt an improvement resolution to proceed with a project when a board is not sure that it will be able to pay for it.

A review of the code sections previously set forth indicates that, with the exception of obtaining the approval from legislative authority of the village of Hanoverton, the project at issue in the instant case has proceeded in accordance with law. The first assignment of error is without merit.

In their second assignment of error, appellants argue:

"The trial court erred in granting summary judgment without giving any consideration at all to plaintiff-appellants' claim that Resolution 12–90 was invalid as a result of defendant-appellees' failure to follow proper statutory procedure."

In the second assignment of error, appellants argue that Resolution No. 12–90, passed on August 15, 1990, was a resolution of necessity. Appellants argue that the notice requirements set forth in R.C. 6117.06(A) and (B) should therefore have been followed by the board prior to its passage. Appellants argue that since the proper notice was not given, the alleged resolution of necessity as found in Resolution No. 12–90 was illegal.

■ It is clear that Resolution No. 12–90 was not a resolution of necessity as set forth in R.C. 6117.06. Resolution No. 12–90 is specifically entitled "a resolution providing assurance to the Ohio Water Development Authority of a source of local funds for planning improvements in the County of Columbiana." We note that R.C. 6117.06(A) provides:

"After the establishment of any sewer district the board of county commissioners shall have prepared by the county sanitary engineer a general plan of sewerage and sewage disposal for such district, as complete as can be made at that time."

In addition, 6117.06(C) provides:

"After complying with divisions (A) and (B) of this section, the board shall adopt a resolution declaring that such improvement, describing the same and the location, route, and termini thereof, is necessary for the preservation and promotion of public health and welfare, referring to the plans, specifications, estimates of cost, and tentative assessments * * *."

R.C. 6117.06(A) requires the development of a detailed plan as a prerequisite to the passage of a resolution of necessity under R.C. 6117.06(C). Clearly, the securing of a source of funding for the project does not constitute a resolution of necessity as set forth under R.C. 6117.06(C). Rather, in our view, it constitutes one of the preliminary aspects of the project as contemplated by R.C. 6117.06(A) and (B).

Further, it is clear that the resolution of necessity in this matter was passed on February 10, 1993. The resolution was clearly entitled as such. The board complied with all notice requirements set forth in R.C. 6117.06(B) prior to the passage of the resolution of necessity on February 10, 1993.

The second assignment of error is without merit.

In the third and final assignment of error, appellants argue:

"The trial court erred by permitting the sewer project to proceed once the commissioners and the village of Hanoverton have complied with O.R.C. § 6117.03 because the inclusion of the village of Hanoverton in the project is a direct violation of plaintiff-appellants' due process rights as set forth in *Coblentz v. Sparks*, 35 F.Supp. 605."

Appellants cite *Coblentz v. Sparks* (S.D.Ohio 1940), 35 F.Supp. 605, in which the federal District Court for the Southern District of Ohio held that a county board of commissioners abused its discretion in establishing a sanitary sewer district which included many acres of sparsely settled farm land, where the population was not sufficiently large and compact to cause a menace to health and where it appeared that the sewer district had been established primarily for the benefit and accommodation of a municipality which lay outside the limits of the sewer district.

Appellants argue in the third assignment of error that even if the village of Hanoverton votes to become a part of the county sewer and water district, extension of the sewer service to the municipality would still be improper because the board itself has not made the village a part of the county sewer and water district.

In the instant case, the trial court properly noted that R.C. 6117.03 allows a board of county commissioners to make sewer line improvements into municipalities if the municipality authorizes them. To date, there has been a general plan prepared for review and a resolution of necessity adopted by the board. No resolution to proceed with the improvement has as of yet been passed, nor has construction begun. In addition, no assessment has yet been made on property owners. That being the case, there was no prejudicial error in allowing the Hanoverton council to pass a resolution to join the district. In this regard, we note that R.C. 6117.41 allows for the joint construction of sewers and sewage

disposal works between boards of county commissioners and legislative authorities of municipal corporations.

*Coblentz* is easily distinguishable from the instant case since the court in *Coblentz* ruled that the levying of assessments on the plaintiffs' land was improper because the plaintiffs were being assessed for services that they would not receive until fifteen or twenty years in the future. In contrast, appellants in the instant case may receive services once the project is complete.

As no improvement resolution has been passed by the board, no interested party has been prejudiced by the trial court's ruling that the legislative authority of Hanoverton may become part of the sewer and water district. Clearly, appellants have not established any question of fact as to a denial of due process.

Appellants' third assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

O'NEILL, P.J., and COX, J., concur.