**OTTAWA COUNTY BOARD OF COMMISSIONERS, Appellee,**

v.

**SECKLER et al., Appellants.**

[Cite as *Ottawa Cty. Bd. of Commrs. v. Seckler* (1997), 122 Ohio App.3d 617.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–97–002.

Decided Sept. 12, 1997.

*Dale A. Kline* and *Linda L. Kroeger,* for appellee.

*John A. Coppeler* and *Randolph E. Digges III,* for appellants.

---

MELVIN L. RESNICK, Presiding Judge.

This is an appeal from a judgment of the Ottawa County Court of Common Pleas granting the petition of appellee, the Ottawa County Board of Commissioners, for the appropriation of an easement for the purpose of installing water lines. Appellants, Richard and Phyllis Seckler, appeal this judgment and assert the following as error in the proceedings below:

"The trial court erred in ruling that R.C. 6117.23 does not prohibit a board of county commissioners from taking action to appropriate easements for a county water supply until such time as the appeal from the judgment of the probate court as to the question of the necessity of the improvement has finally been disposed of."

The underlying facts of this case are fully set forth in *Come Sail Away Condo. Assn. v. Ottawa Cty. Bd. of Commrs.* (Apr. 18, 1997), Ottawa App. No. OT–96–

034, unreported, 1997 WL 195453. The facts necessary to this court's decision are as follows.

In 1995, and after approving tentative assessments for the development of a regional water system, appellee passed a resolution declaring that this improvement was necessary in the county and determining that it should proceed with the construction. A group of property owners (which included appellants) in the construction area appealed, among other things, the necessity of the improvement to the Ottawa County Court of Common Pleas, Probate Division. The probate court found that the regional water system was necessary for public health, convenience, and welfare. On appeal, this court affirmed that finding. *Come Sail Away Condominium Assn., supra* . The Ohio Supreme Court dismissed the appeal of our decision. 79 Ohio St. 3d. 1429, 680 N.E.2d 634.

During the pendency of *Come Sail Away Condominium Assn.* before this court, appellee began negotiating with affected property owners for easements needed for the construction of the regional water system. Appellants refused to negotiate with appellee. Therefore, pursuant to R.C. Chapter 163, appellee filed a petition to appropriate easements for the placement of water lines on two parcels of appellants' property.

Appellants answered and, in a subsequent motion, asserted that, pursuant to R.C. 6117.23, appellee could not take any action in developing the regional water system until the question of the necessity of the improvement was decided on appeal Appellee filed a memorandum in opposition arguing that the term "improvement" contemplated only "the actual construction and installation of the waterlines, water treatment plant, and related materials." Appellants also contended that, by enacting R.C. 6103.25, the legislature expressed an intent to exempt the acquisition of property for use in the improvement from the requirements of R.C. 6117.23.

On November 7, 1996, the trial court entered a ruling on several "preliminary" issues. Notably, the court found in favor of appellee with regard to the board's right to make the appropriation. Final judgment was entered on January 15, 1997; this appeal followed.

■ Prior to a consideration of appellants' assignments of error, we must decide whether our decision in *Come Sail Away Condo. Assn. v. Ottawa Cty. Bd. of Commrs.* renders the instant case moot.

■ Generally, Ohio courts will decide only actual controversies between parties by a judgment that can be carried into effect. *Miner v. Witt* (1910), 82 Ohio St. 237, 238, 92 N.E. 21, 21–22. Thus, Ohio courts will not consider questions that are moot. *State v. Bistricky* (1990), 66 Ohio App.3d 395, 397, 584 N.E.2d 75, 75–76. Nevertheless, a court may rule on otherwise moot questions

that are (1) "capable of repetition, yet evade review," *State ex rel. Plain Dealer Publishing Co. v. Barnes* (1988), 38 Ohio St.3d 165, 527 N.E.2d 807, paragraph one of the syllabus, or (2) concern important public rights or matters of great public or general interest. *In re Suspension of Huffer from Circleville High School* (1989), 47 Ohio St.3d 12, 14, 546 N.E.2d 1308, 1310–1311.

In the present case, our decision in *Come Sail Away Condo. Assn. v. Ottawa Cty. Bd. of Commrs.* finding that the regional water system is a necessary improvement is a final, binding order. Therefore, appellee may proceed to acquire all property rights necessary for the construction of this project. Assuming, *arguendo*, that our decision of April 18, 1997 does render the question in this case moot, it falls within at least one of the exceptions to the mootness doctrine. The issue of a county's authority to appropriate private property for public use is a matter of public or great general interest. It has the potential to affect large numbers of Ohio property owners. Further, it relates to a governmental unit's eminent domain powers, thereby involving the Fifth and Fourteenth Amendments to the Constitution of the United States and Section 19, Article I of the Constitution of Ohio. Therefore, this court will consider the issue presented in the case at bar.

 Appellants maintain that R.C. 6117.23 is plain and unambiguous in prohibiting any action by appellee in furtherance of the development of the regional water system during the pendency of an appeal on the question of the necessity of the improvement.

R.C. 6103.02 provides a board of county commissioners with the authority to "acquire, construct, maintain, and operate any public water supply or waterworks system within its county for any sewer district." R.C. 6103.05 sets forth, among other things, the notice to be provided to property owners in the assessment area and the requirement of a "resolution of necessity." See, also, R.C. 6103.081. R.C. 6103.06 controls the final procedural phase in the development of a water supply system, namely, the passage, by the county commissioners, of an "improvement resolution." After the passage of the improvement resolution, the county commissioners are precluded from taking any further action in cases where the property owners effect a timely appeal, as provided in R.C. 6117.09 to 6117.24, inclusive. R.C. 6103.07 and 6103.081. An appeal on, among other things, the necessity of the improvement may be taken to the probate division of a common pleas court. R.C. 6117.09. The final judgment of the probate court is appealable pursuant to R.C. 6117.23, which reads, in part:

"The final judgment of the probate court may be reviewed on appeal as in other cases. If appeal is prosecuted from the judgment of the probate court as to the question of necessity of the improvement, *no action shall be taken by the*

*board of county commissioners in proceeding with the improvement until such appeal is finally disposed of.*" (Emphasis added.)

In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *State ex rel. Purdy v. Clermont Bd. of Elections* (1996), 77 Ohio St.3d 338, 340, 673 N.E.2d 1351, 1353. Under Ohio law, a court must first look to the language of the statute itself to determine the legislative intent. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594–595, 589 N.E.2d 1319, 1322–1323; *Shover v. Cordis* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461–462. In interpreting a statute, words and phrases shall be read in context and construed according to the rules of grammar and common usage. R.C. 1.42; *Independent Ins. Agents of Ohio, Inc. v. Fabe* (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, 817. A statute that is plain and unambiguous and definite on its face must be applied as written. *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995, 997–998.

We do not believe that the term "improvement" as employed in the statute should be considered by itself. Rather, the significant clause in R.C. 6117.23 is "no action shall be taken by the board of county commissioners in proceeding with the improvement until such appeal is finally disposed of." The use of the word "shall" denotes mandatory compliance with the commands of the statute. *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534, 605 N.E.2d 368, 369–370. The remaining key words in the clause are "action," "proceeding," *and* "improvement."

"Action" is a broad term, which in common and everyday usage means "the bringing about of an alteration by force or through a natural agency." Merriam-Webster's Collegiate Dictionary (10 Ed.1996) 12. "Proceeding," as used in the statute, is derived from the verb "proceed" and includes beginning or carrying on of an action, process or movement. *Id.* at 929. "Improvement" is defined as "[a] valuable addition made to property (usually real estate) or an amelioration in its condition amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." Black's Law Dictionary (6 Ed.1991) 757.

Thus, as applied to the case before us, the statute plainly and unambiguously states that county commissioners could not begin to alter, by force, the property affected by the development of the regional water system in order to adapt that property through the placement of water lines until a determination of the necessity of the improvement was disposed of on appeal. In our opinion, the institution of appropriation proceedings to force unwilling property owners to grant title to easements on their property fits this definition and, therefore, constitutes an "action by the board of county commissioners in proceeding with

the improvement." Cf. *Caddell v. Columbiana Cty. Bd. of Commrs.* (1996), 112 Ohio App.3d 10, 12–14, 677 N.E.2d 824, 824–826 (obtaining easements from willing property owners and determining the need for eminent domain proceedings to obtain other easements prior to the adoption of an improvement resolution was not unlawful).

Furthermore, we do not accept appellee's argument concerning R.C. 6103.25. Specifically, appellee contends that R.C. 6117.23 is inapplicable to this case because that statute is not mentioned or referred to R.C. 6103.25.

R.C. 6103.25 grants the right of eminent domain to a board of county commissioners seeking easements "for the construction or operation of any water supply or other improvement authorized by sections 6103.02 to 6103.30, inclusive of the Revised Code." The board of county commissioners may exercise this right of eminent domain when, in the board's opinion, it is necessary. *Id.* Appellee views this statute as providing a board of county commissioners with the unbridled discretion to use its power of eminent domain, even during a period when the necessity of an improvement is on appeal. We cannot agree.

R.C. 6117.09 expressly grants a right of appeal to the probate court from decisions made pursuant to R.C. 6103.01 to 6103.30. See, also, R.C. 6103.07 and 6103.081 (making the appeals provisions of R.C. Chapter 6117 applicable to R.C. Chapter 6103). R.C. 6117.23, in turn, makes probate judgments concerning these decisions subject to review by appellate courts. Thus, R.C. 6103.25 is, by statute, also made subject to the appellate process. Therefore, we reject any suggestion that this section of the statute allows the taking, by eminent domain, of title to private property during the appeal of the necessity of an improvement.

For the foregoing reasons, appellants' sole assignment of error is found well taken. The judgment of the Ottawa County Court of Common Pleas is reversed. Costs of this appeal assessed to appellee, the Ottawa County Board of Commissioners.

*Judgment reversed.*

SHERCK and KNEPPER, JJ., concur.