ONEIDA TOWNSHIP v EATON COUNTY DRAIN COMMISSIONER

Docket No. 132895. Submitted October 6, 1992, at Lansing. Decided
March 2, 1993, at 9:05 A.M. Leave to appeal sought.

The Charter Township of Oneida brought an action in the Eaton
Circuit Court against the Eaton County Drain Commissioner,
seeking to enjoin the construction of a proposed drain project.
The City of Grand Ledge and individual landowners in the
drain district that would be subject to assessment for the drain
intervened as plaintiffs. On the parties' stipulation, the court,
Richard M. Shuster, J., entered a permanent injunction against
construction of the drain; however, the question how the costs
already incurred would be allocated was reserved. The drain
commissioner moved to allow apportionment of the preliminary
costs. The plaintiffs moved to dismiss the motion for apportion-
ment of those costs, arguing that the provision in the Drain
Code permitting recovery of the preliminary expenses of an
uncompleted drain project through the use of individual assess-
ments was unconstitutional because no special benefit inured to
the individual landowners. Although holding that the statute
was not unconstitutional, the court, nevertheless, granted the
plaintiffs' motion on the basis that no assessment could be
levied until a benefit of the project had been conferred on the
properties to be assessed. The drain commissioner appealed.

The Court of Appeals *held:*

1. An assessment to defray preliminary expenses incurred in
determining the feasibility of an improvement that has been
abandoned is not subject to a benefit analysis and is not
unconstitutional on the ground of being a taking without due
process, even if no special benefit is conferred on the property
to be assessed.

2. By statute, the preliminary expenses of the abandoned
drain project may be spread against the property of the persons
who originally petitioned for the drain project in a manner
deemed just and equitable on the basis of the same benefit
theory as if the improvement had been completed if the

REFERENCES

Am Jur 2d, Special or Local Assessments §§ 10-16, 98, 99.
See ALR Index under Special Assessments.

amount of the preliminary expenses is too small to justify spreading it over the entire drain district. If large enough to create an undue hardship on the original petitioners, the costs may be spread over the entire district in accordance with the general apportionment provisions of the Drain Code. Accordingly, the trial court erred in granting the plaintiffs' motion to dismiss the motion for apportionment of the costs in accordance with the statute.

Reversed and remanded.

1. TAXATION — SPECIAL ASSESSMENTS — SPECIAL BENEFITS — ABANDONED IMPROVEMENT PROJECTS.

An assessment to defray preliminary expenses incurred in determining the feasibility of an improvement that has been abandoned is not an unconstitutional taking without due process even if the preliminary work resulted in no special benefit to the property on which the assessment is levied.

2. DRAINS — SPECIAL ASSESSMENTS — ABANDONED DRAIN PROJECTS.

The preliminary expenses of an abandoned drain project, if too small to justify spreading over the entire drain district, may be spread against the property of the persons who originally petitioned for the drain project in a manner deemed just and equitable on the basis of the same benefit theory as if the improvement had been completed; if the expenses are large enough to create an undue hardship on the original petitioners, they may be spread over the entire district in accordance with the general apportionment provisions of the Drain Code (MCL 280.306; MSA 11.1306).

*Glassen Rhead McLean Campbell & Bergamini* (by *Neil A. McLean*), for the Charter Township of Oneida.

*Smith Brothers Law Office, P.C.* (by *Gregory W. Smith*), for the City of Grand Ledge.

*Willingham & Coté, P.C.* (by *John A. Yeager*), for Robert Soltow.

*Thrun, Maatsch & Nordberg, P.C.* (by *Gordon W. VanWieren, Jr.*), for the defendant.

Amicus Curiae:

*Hubbard, Fox, Thomas, White & Bengtson, P.C.* (by *Geoffrey H. Seidlein*), for the Michigan Association of County Drain Commissioners.

Before: HOOD, P.J., and WAHLS and McDONALD, JJ.

PER CURIAM. Defendant, the Eaton County Drain Commissioner, appeals as of right an order of the Eaton Circuit Court that granted summary disposition to the plaintiff township and intervening plaintiffs, persons owning property within a drainage district potentially subject to a special assessment, pursuant to MCR 2.116(C)(8). We reverse and remand for further proceedings.

Few material facts are disputed on appeal. In early 1986, officials of Oneida Township contacted defendant regarding the possible improvement of the Reed Drain to accommodate future development in the township. A petition for improvement was prepared, and defendant appointed a board of determination. In June 1986, the board of determination filed a notice of determination of necessity. Defendant directed an engineering firm to prepare preliminary plans for the project, which resulted in a plan whose estimated cost to complete exceeded $1 million. Details of the plan were made known to the township at a meeting held in the spring of 1987.

The township and the landowners in the drainage district were concerned about the expense of the project. In response, the engineering firm developed six alternative plans. The firm prepared construction drawings, conducted soil boring, and performed other tests. Defendant selected one of the alternatives and began to obtain the necessary rights of way. Defendant then solicited bids for the project and awarded a contract in January 1990.

The following month, defendant filed an order of apportionment. Several property owners filed appeals with the Eaton County Probate Court, and a board of review was appointed. Before the board could meet, plaintiffs obtained a temporary restraining order from the circuit court that restrained the board from meeting and enjoined defendant from beginning construction. According to plaintiffs, the proposed drain would have conferred no benefit that was not provided by the existing drain, was not the drain that they had originally sought, and had not been constructed in a timely manner.

The parties stipulated the entry of a permanent injunction against construction of the drain, but reserved the question how the costs incurred up to that point would be allocated. The stipulation effectively killed the project. Defendant thereafter moved to allow apportionment of the costs.[1] On July 9, 1990, plaintiff Robert Soltow, a landowner, filed a motion to dismiss, arguing that because the project had never been completed, no benefits had inured to plaintiffs' lands and, therefore, costs could not be assessed. According to plaintiffs, MCL 280.306; MSA 11.1306, the provision of the Drain Code that permits the recovery of expenses for uncompleted projects, was unconstitutional in light of our Supreme Court's decision in *Dixon Road Group v Novi,* 426 Mich 390; 395 NW2d 211 (1986).[2] The trial court did not believe that § 306

---

[1] The nature and amount of these costs are unclear, and the parties make widely disparate claims in this regard. It seems that at least some the costs were incurred in hiring the engineering firm and in the attorney fees generated by condemnation proceedings. The parties also disagree with regard to whether monies from the statutorily mandated revolving fund were expended.

[2] We would have appreciated at least some mention of *Dixon,* the basis for the trial court's ruling, from defendant on appeal. This Court generally holds that a party's failure to argue a position or failure to identify relevant authority waives the issue. Nonetheless,

was unconstitutional, but held that no assessment could be levied until a benefit from the project had been conferred on the property to be assessed. Plaintiffs' motion was granted, and defendant now appeals.

MCL 280.306; MSA 11.1306 provides, in relevant part:

> Whenever revolving fund moneys have been expended *or* a drainage district has become obligated to pay *expenses for engineering, legal and administrative services,* by action of the drain commissioner or drainage board and no improvement has been completed . . . the drain commissioner . . . may report such fact to the board of supervisors. If no improvement has been completed within 5 years subsequent to the . . . entry of the first order of determination . . . the drain commissioner . . . shall report such fact to the board of supervisors. If the sum involved is too small to justify spreading the same over the designated district . . . such board of supervisors may order the sum to be spread against the property of the original petitioners according to such percentage as the commissioners shall deem just and equitable, *based on the same benefit theory as if the improvement had been completed.* If the sum involved is large enough to, in the opinion of the board of supervisors, create undue hardship on the original petitioners, the board of supervisors may order the same spread over such designated district and the commissioner shall apportion the cost thereof to the parties benefited in the district as provided in chapter 7[3] for the purpose of permitting a review of the roll as to fairness of the apportionment only. [Emphasis added.]

In *Dixon, supra,* our Supreme Court held that a

because of the importance of the issue raised, we have expended additional resources in researching the issue. Counsel is advised to argue the basis for a trial court's ruling in any future appeals.

[3] MCL 280.151 *et seq.*; MSA 11.1151 *et seq.*

special assessment must be supported by a showing of an increase in the market value of the assessed property in a reasonable proportion to the cost incurred. The courts will intervene where there is a substantial or unreasonable disproportionality between the amount assessed and value accruing to the land as a result of the improvement. *Id.,* pp 401-403. In the present case, the trial court held that because the drain was never completed, there could be no showing of any increase in market value that resulted from the improvement—a logical conclusion.

On appeal, defendant argues only that land has been benefited because the preliminary engineering work and other actions taken before the project was halted remain on hand and would reduce the cost of any future improvements.[4] Defendant fails to explain how this "benefit" has increased the market value of the land in the manner envisioned by *Dixon,* the basis for the trial court's opinion. In any event, we disagree with defendant's characterization of the preliminary work as a benefit that would justify an assessment. "Benefits in the remote future, dependent upon [some future improvement], cannot be made the basis for present assessments of benefits." *Dix-Ferndale Taxpayers' Ass'n v Detroit,* 258 Mich 390, 395; 242 NW 732 (1932).[5]

[4] We decline to address an additional issue, raised for the first time on appeal by amicus curiae.

[5] As noted in 14 McQuillin, Municipal Corporations (revised 3d ed), § 38.33, p 148:

The total amount of the assessment must be no greater than is reasonably necessary to cover the cost of the work. Future and indirect benefits accruing to property from an improvement may be considered, since permanent improvements are not made solely with reference to present condition, but speculative and conjectural benefits cannot. The fact that property will receive no present benefit in the sense of actual use of the

Although we disagree with defendant's argument, we believe that a central issue has been overlooked in this case. We do not believe that *Dixon* is applicable to this case.

The *Dixon* opinion failed to identify the statutory basis for the special assessments at issue in that case. It is apparent, however, that § 306 was not at issue. Section 306 specifically provides a method for the recovery of expenses in instances where an improvement is not completed, and, hence, no "benefit" in the usual sense of the word is obtained. If the rule of *Dixon* were applied to a § 306 situation, then we would have no difficulty in concluding that a special assessment for the costs of an uncompleted improvement would be constitutionally unsound for the reason that no increase in market value proportional to the assessment can be shown. We would hesitate to conclude, however, that the Supreme Court intended to invalidate a statute not before it. Statutes enjoy a presumption of constitutionality. *Hall v Calhoun Co Bd of Supervisors,* 373 Mich 642, 649; 130 NW2d 414 (1964); *Mooahesh v Treasury Dep't,* 195 Mich App 551, 563; 492 NW2d 246 (1992). Whether § 306 works an unconstitutional taking without due process of law, *Dixon, supra,* pp 402-403, is a question of first impression. The United States Supreme Court has held that where a proposed improvement is abandoned, an assessment to defray preliminary expenses incurred in determining the feasibility of the improvement is not subject to a "benefit" analysis. *Missouri Pacific R Co v Western Crawford Road Improvement Dist,* 266 US 187; 45

---

improvement will not defeat the assessment if benefits are sure to be realized in a reasonable time in the future. However, the only benefits to be considered are those arising from the improvement; prospective benefits arising from improvements that may be made but which are not provided for, are not sufficient to support an assessment.

S Ct 31; 69 L Ed 237 (1924). Nor is the levying of an assessment for this purpose an unconstitutional taking without due process. *Houck v Little River Drainage Dist*, 239 US 254; 36 S Ct 58; 60 L Ed 266 (1915). There is no claim that the amount of the assessment is not subject to review. We further observe that, irrespective of plaintiffs' dissatisfaction with the amount of preliminary expenses or the plan eventually adopted, the expenses would not have been incurred had plaintiffs not petitioned defendant for the improvement.

Plaintiffs argue, however, that, in the absence of any benefit, it is not possible to apportion the assessment. Section 306 itself provides the answer to this objection. If the sum is too small to justify spreading the cost over the entire district, then the sum shall be spread against the original petitioners in a percentage deemed just and equitable, using the same benefit theory as if the improvement had been completed. *Id.* If the sum is so large as to create undue hardship on the original petitioners, then the sum may be spread against the entire district "and the commissioner shall apportion the cost thereof to the parties benefited in the district as provided in chapter 7 . . . ." *Id.*

Plaintiffs also claim that, in the case of a large sum, the use in § 306 of the phrase "to the parties benefited in the district," without the qualifying language "as if the improvement had been completed" shows that an actual benefit is required before large sums may be recovered through an assessment. We disagree. Without any logical reason, plaintiffs' theory would allow a small preliminary expense to be spread against the original petitioners, but would not allow any recovery where preliminary expenses are large. Rather, the unqualified phrase is a reference to the apportion-

ment and review provisions of Chapter 7, which sets forth the procedure for apportionment and the parties to be assessed in the district.

We conclude that the "reasonably proportional" test for special assessments announced in *Dixon, supra,* does not apply to this case, and that § 306 is constitutional.

Reversed and remanded for further proceedings. We do not retain jurisdiction.