MICHIGAN'S ADVENTURE, INC v DALTON TOWNSHIP

Docket No. 292148. Submitted October 8, 2010, at Lansing. Decided October 21, 2010, at 9:00 a.m.

Michigan's Adventure, Inc., filed a petition in the Tax Tribunal, seeking to invalidate a special assessment imposed on property it owned by Dalton Township for the construction of a sewer project. Three townships, including respondent, entered into an agreement with Muskegon County to facilitate sewer construction, MCL 123.731 *et seq.* Respondent sought to raise funds for the construction by creating a special assessment district. Petitioner objected to respondent's special assessment at a meeting concerning the proposed district, but respondent declined to alter the proposed special assessment. In the tribunal, respondent moved for summary disposition, contending that petitioner had failed to file a written protest of the special assessment as required and that its petition to the tribunal had not been timely filed. The tribunal denied the motion, and subsequently entered judgment in petitioner's favor and vacated the special assessment. Respondent appealed.

The Court of Appeals *held*:

1. MCL 123.751 *et seq.* sets forth procedures related to special assessments. The procedures, however, only apply when a board of public works has imposed a special assessment under MCL 123.743(1). In this case, respondent imposed the special assessment under MCL 123.743(2) and (3). Thus, petitioner was not required to file a written objection to the special assessment under MCL 123.754, and the filing deadline in that statute was also inapplicable. Because petitioner objected to the special assessment district and its inclusion on the special assessment roll at the meeting held on the special assessment in order to invoke the tribunal's jurisdiction, respondent was not entitled to summary disposition as a matter of law.

2. Under MCL 205.735(3), a party must file an appeal with the tribunal within 35 days of the final decision. Respondent's board did not render a final decision at the meeting concerning the special assessment, but continued to consider the matter before finally confirming the special assessment roll. Thus, petitioner

timely filed its petition within 35 days of respondent's final decision, and the tribunal reached the correct result in rejecting respondent's motion for summary disposition.

3. A special assessment is valid if (1) the improvement subject to the assessment confers a benefit on the assessed property and not just on the community as a whole and (2) the amount of the special assessment is reasonably proportionate to the benefit derived from the improvement. A key question is whether the market value of the property was increased as a result of the improvement. The tribunal's ruling vacating the special assessment in this case was supported by competent, material, and substantial evidence, including expert testimony that the installation of the sewer line would not increase the property's value, that the property did not require a sewer line because petitioner disposed of its sewage through the use of sewage lagoons, and that the assessment was not proportionate because the cost of the sewer line in front of petitioner's property was only a fraction of the special assessment imposed on it.

Affirmed.

1. TAXATION — SPECIAL ASSESSMENTS — MUNICIPAL SPECIAL ASSESSMENTS — PROCEDURES.

The procedures applicable to special assessments imposed by a board of public works under chapter 2 of 1957 PA 185 do not apply to special assessments imposed by a municipality other than a county (MCL 123.743; MCL 123.751 et seq.).

2. TAXATION — SPECIAL ASSESSMENTS.

A special assessment is valid if (1) the improvement subject to the special assessment confers a benefit on the assessed property and not just the community as a whole and (2) the amount of the special assessment is reasonably proportionate to the benefit derived from the improvement; a key question is whether the property's market value increased as a result of the improvement.

*Parmenter O'Toole* (by *John C. Schrier* and *Adam G. Zuwerink*) for petitioner.

*Wease Halloran, PLC* (by *Joshua M. Wease* and *Michele L. Halloran*), for respondent.

Before: SAWYER, P.J., and FITZGERALD and SAAD, JJ.

SAAD, J. Respondent, Dalton Township, appeals an order of the Michigan Tax Tribunal that vacated a special assessment respondent had imposed on property owned by petitioner, Michigan's Adventure, Inc. Respondent also appeals the tribunal's order that denied its motion for summary disposition. For the reasons set forth in this opinion, we affirm.

## I. MOTION FOR SUMMARY DISPOSITION

Respondent argues that the tribunal should have granted it summary disposition under MCR 2.116(C)(4). Respondent maintains that petitioner failed to file a written protest of the special assessment as required by MCL 123.754 and failed to file a timely appeal to the tribunal.[1] We review de novo the Tax Tribunal's decision regarding a motion for summary disposition. *Signature Villas, LLC v Ann Arbor*, 269 Mich App 694, 698; 714 NW2d 392 (2006).

### A. WRITTEN PROTEST

In this case, three townships entered into an agreement with Muskegon County to facilitate various sewer projects. See MCL 123.731 *et seq.* In such an undertaking, a municipality may raise funds through any of the following methods: imposing service charges, imposing special assessments, exacting charges, setting aside state funds, or setting aside other available money. MCL

---

[1] Petitioner incorrectly claims that this issue was not preserved. This issue was preserved because it was raised before and addressed and decided by the tribunal. *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). Petitioner also incorrectly asserts that respondent's appeal is moot on the ground that respondent satisfied the judgment ordered by the tribunal. However, because neither the tribunal nor the Court of Appeals granted a stay, respondent was obligated to comply with the tribunal's judgment. MCR 7.209(A)(1). The fact of compliance does not render moot an appeal of the substantive issue.

123.742(2). "The governing body shall cause a special assessment roll to be prepared and the proceedings of the special assessment roll and the making and collection of the special assessments shall be in accordance with the provisions of the statute or charter governing special assessments in the municipality . . . ." MCL 123.743(3). Pursuant to MCL 123.731(k), the "governing body" of a township is "the township board[.]" With respect to special assessments under MCL 123.743(2), our Supreme Court has stated that one hearing is required. *Gaut v City of Southfield*, 388 Mich 189, 200; 200 NW2d 76 (1972).

As noted, respondent complains that petitioner failed to file a written objection to the special assessment under MCL 123.754. Respondent is mistaken because the procedures under MCL 123.751 *et seq.* are applicable only if the board of public works imposes an assessment under MCL 123.743(1). That was not the case here because respondent imposed a special assessment under MCL 123.743(2) and (3), which provide, in part:

> (2) If a municipality other than a county operating under this act elects to raise moneys to pay all or any portion of its share of the cost of a project by assessing the cost upon benefited lands, its governing body shall do so by resolution and fix the district for assessment.
>
> (3) The governing body shall cause a special assessment roll to be prepared and the proceedings of the special assessment roll and the making and collection of the special assessments shall be in accordance with the provisions of the statute or charter governing special assessments in the municipality . . . .

Under MCL 123.743(4), any person assessed has the right to raise an objection to the special assessment district. Unlike MCL 123.754, MCL 123.743(4) does not state that the person objecting must submit a written

objection in writing or file an appeal before the tribunal within 30 days. We construe the Legislature's omissions as intentional. *GMAC LLC v Dep't of Treasury*, 286 Mich App 365, 372; 781 NW2d 310 (2009). MCL 123.754 is not applicable, and therefore petitioner was obliged only to protest at the hearing held for the purpose of confirming the special assessment roll. MCL 205.735(2) ("For a special assessment dispute, the special assessment must be protested at the hearing held for the purpose of confirming the special assessment roll before the tribunal acquires jurisdiction of the dispute."). Respondent set a meeting for May 30, 2006, to provide a forum for residents, property owners, and interested persons to discuss the improvement, the special assessment district, and the special assessment roll. The record demonstrates that petitioner's representative attended the meeting on May 30, 2006, and, according to both the meeting minutes and the representative's affidavit, petitioner's representative objected to the special assessment district and the special assessment. Because petitioner raised an objection to the special assessment district and its inclusion on the special assessment roll in order to invoke the tribunal's jurisdiction in this matter, respondent was not entitled to summary disposition as a matter of law. MCL 123.743(4); MCL 205.735(2).

### B. TIMING OF PETITIONER'S APPEAL TO THE TRIBUNAL

With respect to respondent's claim that petitioner's appeal to the tribunal was untimely, we hold that respondent's claim lacks merit. MCL 123.743(4) does not contain a deadline for filing an appeal before the tribunal. The filing deadline in MCL 123.754 is inapplicable because, as discussed, there was no hearing before the board of public works. Under MCL 205.735(3), a

party must file an appeal with the tribunal within 35 days of the final decision. "Final decision" has not been defined by our courts in cases involving a township board's final decision on a special assessment. Black's Law Dictionary (7th ed) equates "final decision" with "final judgment," which has the following relevant definition: "A court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment." Additionally, under the Administrative Procedures Act, a decision without further proceedings becomes the final decision. MCL 24.281(3). Thus, the final decision on the assessment is the date that triggers the timing for filing an appeal.

The record reflects that the Dalton Township board did not render a final decision at the May 30, 2006, meeting on the special assessment. Rather, the record shows that as of May 30, respondent's board continued to consider corrections to the special assessment roll. While respondent's board ordered and directed its treasurer to collect the special assessments as identified on the special assessment roll, respondent's supervisor later informed certain business owners that respondent's board would be reconfirming the special assessment roll at its next regular meeting. There is little indication of what occurred at the subsequent hearing, other than a discussion of the sewer-line projects. However, respondent's supervisor subsequently informed business owners, including petitioner, that their assessment amounts had been recalculated and that respondent's board would be reconfirming the special assessment roll at its next meeting, on July 10, 2006. Later, respondent's counsel sent an undated letter to business owners, including petitioner, stating that "it was the recommenda-

tion and final determination not to make any adjustments in the proposed assessments." Petitioner's representative claimed that petitioner received this letter on July 26, 2006, and no evidence contradicts this assertion. Thus, it appears from the record that respondent did not confirm the special assessment roll until some time after the July 10, 2006, regular meeting of respondent's board. Accordingly, respondent did not render a final decision regarding petitioner's special assessment until some time after the July 10, 2006, regular meeting. Therefore, petitioner's August 8, 2006, petition was timely filed within the 35-day period provided under MCL 205.735(3). Respondent was not entitled to summary disposition for failure of petitioner to file a timely appeal to the tribunal.

In so ruling, we note that the tribunal improperly held that MCL 123.752 and MCL 123.754 applied here. The tribunal, nonetheless, denied respondent's motion for summary disposition. Because the tribunal reached the right result, we will not disturb the ruling. See *Gleason v Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

## II. THE TRIBUNAL'S DECISION TO VACATE THE SPECIAL ASSESSMENT

Respondent claims that the tribunal's ruling that vacated the special assessment was not supported by competent, material, and substantial evidence. Absent fraud, we review a decision by the tribunal to determine whether it erred in applying the law or adopted a wrong legal principle. *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006). "All factual findings are final if supported by competent, material,

and substantial evidence." *Wayne Co v State Tax Comm*, 261 Mich App 174, 186; 682 NW2d 100 (2004).

"[S]pecial assessments are presumed to be valid." *Kadzban v City of Grandville*, 442 Mich 495, 505; 502 NW2d 299 (1993). Accordingly, a municipality's decision regarding a special assessment will be upheld unless "there is a substantial or unreasonable disproportionality between the amount assessed and the value which accrues to the land as a result of the improvements." *Dixon Rd Group v City of Novi*, 426 Mich 390, 403; 395 NW2d 211 (1986). A special assessment will be deemed valid if it meets two requirements: (1) the improvement subject to the special assessment must confer a benefit on the assessed property and not just the community as a whole and (2) the amount of the special assessment must be reasonably proportionate to the benefit derived from the improvement. *Kadzban*, 442 Mich at 500-502. A key question is whether the market value of the property was increased as a result of the improvement. *Id.* at 501.

> Common sense dictates that in order to determine whether the market value of an assessed property has been increased as a *result of* an improvement, the relevant comparison is not between the market value of the assessed property *after* the improvement and the market value of the assessed property *before* the improvement, but rather it is between the market value of the assessed property with the improvement and the market value of the assessed property *without* the improvement. [*Ahearn v Bloomfield Charter Twp*, 235 Mich App 486, 496; 597 NW2d 858 (1999).]

The testimony and valuation report of petitioner's expert witness constituted competent, material and substantial evidence on which the tribunal properly based its decision. Petitioner's expert opined that the installation of a sewer line in a rural setting would not

increase a property's value, and respondent's expert did not refute the findings or conclusions of petitioner's expert. Further, the sewer line would not benefit petitioner's property because the property does not require a sewer line—petitioner disposes of its sewage by means of operational sewage lagoons.[2] Moreover, connecting to the sewer line would constitute a substantial expense to petitioner, while its continued maintenance of the sewage lagoons is relatively simple, and petitioner's costs associated with operating the sewage lagoons appear to be relatively modest. Evidence also showed that petitioner's property would not benefit from the sewer line in the future. Development of the property is not necessarily limited because of petitioner's use of sewage lagoons, but is constricted as a result of the Department of Environmental Quality's wetlands protections and because the soil on the property is not well suited for development. And although the sewer line *may* somehow benefit the property in the future, that is not a valid basis for finding a benefit to the property justifying an assessment imposed by the township on the property owner at this time. *Oneida Twp v Eaton Co Drain Comm'r*, 198 Mich App 523, 528; 499 NW2d 390 (1993).

Importantly, to protect private property rights, Michigan law also requires that the total amount of the assessment must be no greater than what was reasonably necessary to cover the cost of the work. *Id.* at 528 n 5. The special assessment at issue here fails to meet that requirement because it was undisputed that the total cost of the sewer line in front of petitioner's

---

[2] A sewage lagoon, also called a wastewater stabilization lagoon, is "a type of treatment system constructed of ponds or basins designed to receive, hold, and treat sanitary wastewater for a predetermined amount of time through a combination of physical, biological, and chemical processes." MCL 324.3120(11)(o).

property would be $60,000 to $80,000, whereas petitioner's special assessment was $600,000.

We hold that a reasonable person would accept the foregoing record evidence as sufficient to support the tribunal's ruling. Ultimately, the tribunal's key finding— that the property's value was not enhanced by the sewer-line improvement—was supported by competent, material, and substantial evidence. The sewer line at issue conferred little or no benefit on petitioner, resulted in no increase in the value of the land assessed, and consequently furnished no basis for this special assessment. See *Kadzban*, 442 Mich at 500-502.[3]

Affirmed.

---

[3] Respondent also claims that the tribunal failed to set forth "a viable rendition of factual findings and conclusions of law" necessary for this Court to engage in appellate review. Respondent failed to include this argument in its statement of questions presented and, therefore, this argument was not properly presented for appellate consideration. MCR 7.212(C)(5). Nonetheless, the record reflects that the tribunal complied with the requirements of MCL 205.751(1) and MCL 24.285, though it did not separately identify the "findings of fact" and "conclusions of law." The tribunal provided a concise statement of facts and conclusions of law on the record, based its decision on the evidence, and correctly applied the law.