*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALGONQUIN POWER (MI ENERGY
DEVELOPMENTS), LLC, doing business as
LIBERTY POWER,

UNPUBLISHED
June 20, 2025
10:42 AM

Plaintiff-Appellee,

v

No. 371424
Sanilac Circuit Court
LC No. 23-040257-CH

TOWNSHIP OF SPEAKER,

Defendant-Appellant.

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

In this action involving a moratorium on applications for commercial wind project special land use permits (SLUPs), defendant Township of Speaker appeals as of right the trial court's order granting in part and denying in part the motion for summary disposition filed by plaintiff Algonquin Power (MI Energy Developments), LLC, doing business as Liberty Power. On appeal, Speaker challenges the trial court's grant of a writ of mandamus to Liberty, requiring that its SLUP application be considered by Speaker by a date certain, as well the trial court's holdings that the moratorium should have been passed by amendment to Speaker's zoning ordinance, and did not advance a legitimate governmental purpose. We dismiss the appeal as moot.

In 2011, Speaker adopted a zoning regulation governing commercial wind energy projects, and amended that ordinance in 2021 to include certain setback, height, and noise requirements. Liberty submitted to Speaker its SLUP application to build a commercial wind energy facility (the Riverbend Project) pursuant to the posted amended ordinance. However, questions subsequently arose regarding whether the posted version of the 2021 amendment was the version actually adopted by the Township Board. And on October 10, 2023, before Liberty's application was set

-1-

for a public hearing,[1] individual landowner plaintiffs whose parcels abutted the proposed Riverbend Project filed suit against Speaker and Liberty challenging the adoption of the 2021 ordinance amendment.

The parties ultimately stipulated to dismissal of the individual plaintiffs' claims, but as part of the suit, Liberty filed cross-claims against Speaker which are the subject of this appeal. In its first amended cross-claim, Liberty alleged that in December 2023, the Township Board held a special meeting at which it adopted by resolution an ordinance imposing a six-month moratorium on the issuance of permits for commercial wind energy projects, and canceled the public hearing for Liberty's Riverbend Project application after enactment of the moratorium. On the basis of these allegations, Liberty requested declaratory judgments that the posted version of the 2021 ordinance amendment with a noise standard of 50 dBA apply to its permit application, and that the moratorium was void because it was not enacted in compliance with the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq*. Further, Liberty requested that the court issue a writ of mandamus compelling Speaker to set its SLUP application for a public hearing.

Liberty moved for summary disposition of its claims under MCR 2.116(C)(10), arguing that: (1) its claim for declaratory relief regarding which ordinance amendment should apply to its permit application was ripe for review; (2) the moratorium was improperly enacted under Speaker's police power as opposed to the MZEA, and lacked a legitimate governmental purpose; and (3) the court should issue a writ of mandamus compelling a public hearing on its permit application. Speaker opposed the motion, asserting that Liberty's first request for declaratory relief was unripe and soon to be moot, stating, "Liberty's claim regarding the 'correct' version of the ordinance [was] premature because [Speaker] ha[d] not yet rendered a decision on Liberty's application," and "in light of recent changes to Michigan's renewable energy law, there is virtually no question that [Speaker] will be amending its commercial wind and solar regulations, such that Liberty's application will have to be amended anyway." Speaker argued further that it lawfully enacted the moratorium, but would consider codifying the moratorium under its zoning ordinance regardless, and that the court should decline to issue a writ of mandamus because "[n]either Michigan law nor the Township Zoning Ordinance require[d] [Speaker] to consider Liberty's application within any particular period of time."[2]

The trial court issued an opinion granting in part and denying in part Liberty's motion for summary disposition. The court held first that "a declaratory judgment invalidating the police power moratorium should issue," citing *Tuscola Wind III v Ellington Twp*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued March 13, 2018 (Case No. 17-cv-11025), and reasoning that "[i]f the ordinance that established the procedures for SLUP applications for wind energy systems is a zoning ordinance, then an ordinance temporarily suspending that procedure must also be a zoning ordinance." Additionally, the court reasoned that the moratorium did not serve a legitimate governmental purpose because the state law cited by

---

[1] According to Liberty, its SLUP application was initially scheduled for public hearing on October 23, 2023, but was rescheduled for December 6, 7 and 8, 2023, before being canceled as a result of the moratorium.

[2] Liberty reiterated its arguments in its reply brief.

Speaker in its summary disposition briefing as a justification for the moratorium was not originally listed as a reason for its enactment. Thus, the court issued a writ of mandamus, stating that such was "warranted because Speaker Township's Planning Commission is legally required to schedule a public hearing and render a decision on Liberty's action." However, the court denied Liberty declaratory relief as to which amended ordinance should apply to its application, because no ordinance had yet been applied to the application. The court's May 21, 2024 order codified the rulings in this opinion and required that Speaker hear Liberty's application within 90 days.

Speaker moved for reconsideration, stating that "[t]he 90-day deadline expires on August 6, 2024 – *one day* before the election at which Speaker Township voters will decide whether to approve a moratorium ordinance approved as a Zoning Ordinance amendment." The court denied that motion and Speaker's motion for a stay pending appeal.

Speaker asserts on appeal that the trial court erred in: (1) holding that the moratorium required an amendment under the MZEA; (2) determining the moratorium did not advance a legitimate governmental purpose; and (3) issuing the writ of mandamus. In response, Liberty challenges the merits of these arguments, but also asserts that the appeal is moot. We first address whether this appeal is moot.[3]

"An issue is . . . moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Mich Republican Party v Donahue*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364048); slip op at 3 (quotation marks and citation omitted). In other words:

> An issue is moot when a subsequent event makes it impossible for this Court to grant relief. It is our duty to decide actual cases and controversies, that is, actual controversies arising between adverse litigants. A case that does not rest upon existing facts or rights and presents nothing but abstract questions of law is moot. Because reviewing a moot question ordinarily would be a "purposeless proceeding," we generally dismiss a moot case without reaching the underlying merits. [*Gleason*, 323 Mich App at 314-315 (citations omitted).]

Speaker acknowledges that pursuant to the trial court's writ of mandamus, it held a public hearing on Liberty's application over three days, and denied the application on August 2, 2024. And Speaker further acknowledges that "Township voters approved [a] Zoning Amendment to impose a moratorium on wind energy special use applications at the August 6, 2024 election, just as [Speaker] cautioned might occur in its motion for reconsideration." Liberty does not dispute these facts.

On the basis of the above, we fail to see any actual case or controversy with regard to whether Speaker lawfully enacted its initial moratorium for a legitimate governmental purpose. Speaker heard and denied Liberty's SLUP application, and just days later, enacted a moratorium by referendum in accordance with the MZEA, which is what Liberty claimed was required. It is

---

[3] "Whether a case is moot is a threshold question that we address before reaching the substantive issues of a case." *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018).

therefore unclear what legal effect a ruling on these issues would have on the existing controversy. *Donahue*, ___ Mich App at ___; slip op at 3.

Speaker, however, argues that the issue is not moot. Specifically, Speaker asserts that it expects Liberty to appeal the denial of its SLUP application, through which Speaker will argue that the application was not properly before the Planning Commission on August 2, 2024, because at that time the police power moratorium was still in effect. But any potential appeal of Speaker's denial of Liberty's application does not alter this Court's decision, as we should should only consider the effect of our ruling on the *existing* controversy. *Donahue*, ___ Mich App at ___; slip op at 3.[4]

Speaker additionally asserts that, even if moot, the issue of whether a police power moratorium is valid in these circumstances is one of public significance that is likely to recur, yet evade judicial review, citing the fact that Liberty raised the issue in another lawsuit and stating:

> Given the public significance and the fact that municipalities often accept moratoria outside of zoning ordinance amendments, the issue is likely to recur. And, as in this case, the dispute can evade judicial review if a municipality is compelled to decide a land use application despite having a valid moratorium in place.
>
> Indeed, an exception to dismissing a moot case exists when an issue
>
> is one of public significance and [is] likely to recur, yet may evade judicial review. An otherwise moot issue may thus appropriately be addressed by a court when there is a reasonable expectation that the publicly significant alleged wrong will recur yet escape judicial review, in which case the issue, though moot, is nonetheless justiciable. [*Gleason*, 323 Mich App at 315 (quotation marks and citations omitted).]

"Regarding the exception for cases that are of public significance and likely to recur yet evading review, the question is whether the issue is '*likely* to recur.' A possibility that an issue will recur is not sufficient." *T & V Assoc, Inc v Director of DHHS*, ___ Mich ___; 12 NW3d 594, 596 (2024) (citation omitted).

Merely stating that municipalities often adopt moratoria outside of zoning ordinance amendments, citing to a federal district court case in which a municipality used its police power to adopt a moratorium and to the fact that Liberty has previously made this argument, has not convinced us that recurrence is *likely*, as opposed to simply *possible*. Michigan caselaw, albeit unpublished, has addressed this issue, and as Speaker argues, this issue may arise in a subsequent

---

[4] Speaker also asserts that the new state law which apparently took effect on November 29, 2024, does not render the appeal moot, as Liberty argues, because "the 'live controversy' between Liberty and [Speaker] relates to its application that was decided before PA 233 took effect." We decline to decide this issue as we have determined the issue is otherwise moot.

appeal of the decision denying the SLUP application. Nor has it convinced this Court that this is a matter of public significance.

For the same reasons discussed above, the argument Speaker raises with respect to the writ of mandamus is also moot.

To obtain a writ of mandamus

the plaintiff must show that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. In relation to a request for mandamus, a clear, legal right is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided. [*Holliday v Sec of State*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 372241, 372255, and 372256); slip op at 5 (quotation marks and citation omitted).]

Again, the trial court issued the writ of mandamus requiring Speaker to consider and decide Liberty's SLUP application by a date certain, which Speaker admits that it did, ultimately denying Liberty's application. Although "[t]he fact of compliance [with a court's order] does not render moot an appeal of the substantive issue," *Mich's Adventure, Inc v Dalton Twp*, 290 Mich App 328, 330 n 1; 802 NW2d 353 (2010), it is unclear what legal effect a ruling on this issue—that the trial court erred when it issued the writ of mandamus—would have on the existing controversy, *Donahue*, ___ Mich App at ___; slip op at 3. If Speaker prevailed on this part of the appeal, nothing practical would occur for Liberty's application had already been denied—the same result as would occur had the application not been considered because of the moratorium.

We dismiss the appeal as moot.


/s/ Anica Letica
/s/ Christopher M. Murray
/s/ Sima G. Patel